IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH,<br><br>Plaintiff,<br><br>vs.<br><br>K. ALLISON, et al.,<br><br>Defendants. | Case No. 1:10-cv-01814 LJO JLT (PC)<br><br>**ORDER DISMISSING COMPLAINT FOR VIOLATION OF FED. R. CIV. P. 8**<br><br>(Doc. 1) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983.

**I.   Screening Requirement**

When an individual seeks to proceed *in forma pauperis*, the Court is required to review the complaint and identify "cognizable claims." *See* 28 U.S.C § 1915(a)-(b). The Court must dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2). A claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

To state a claim on which relief may be granted, plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A district court must liberally construe a pleading filed by a self-represented litigant to determine if it states a claim and, before dismissal, outline the deficiencies in the complaint and give the plaintiff an opportunity to amend unless the deficiencies cannot be cured. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Accordingly, the court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory. Neitzke, 490 U.S. at 327.

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law. See Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981) (quoting Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)).

To plead under § 1983, Plaintiff must comply with Federal Rule of Civil Procedure 8(a)(2), which requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" Twombly, 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Nevertheless, Plaintiff's obligation to provide the grounds of entitlement to relief under Rule 8(a)(2) requires more than "naked assertions," "labels and conclusions," or "formulaic recitation[s] of the elements of a cause of action." Twombly, 550 U.S. at 555-57. The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 883 (2009) (quoting

1   Twombly, 550 U.S. at 570) (emphasis added).

2   **II.     The complaint**

3       Plaintiff initiated this action by filing a 171-page document entitled, "Complaint." (Doc. 1) The complaint is made up of pages of allegations interspersed with exhibits, memoranda of legal authorities, lengthy quotations of state law statutes and regulations, prison-submitted complaint and other legal petitions. Also, the allegations are handwritten in a manner in which capital letters are used indiscriminately, such that it makes it difficult to read and to determine when a sentence ends. Under no reasonable interpretation of Fed. R. Civ. P. rule 8, can this complaint be found to comply with the requirement to provide a short, plain statement.

10      The Court lacks the time and the resources to cull through 171 pages to try to figure out what, exactly, Plaintiff is claiming. Thus, the Court will order the complaint dismissed. The Court will grant Plaintiff **one final** opportunity to attempt to plead a cognizable claim. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted).

16      Plaintiff's first amended complaint, including any exhibits attached thereto, **SHALL NOT** exceed 20 pages. Plaintiff must provide a **short, plain statement** that gives the defendant fair notice of what the Plaintiff's claim is and the facts upon which his claim rests. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). This means that Plaintiff must **briefly** describe who the Defendant is, what the Defendant did, when the Defendant did this and how the Defendant's actions violated Plaintiff's rights. Each Defendant is only liable for the injuries that his/her own actions cause so the complaint must set forth the actions of each defendant, assuming Plaintiff intends to sue more than one person. Plaintiff is advised that **he need not cite** legal authorities or attach exhibits to his complaint.

25      Plaintiff is cautioned that in his first amended complaint, he may not allege unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Moreover, Plaintiff is advised that once he files an amended complaint, his original pleadings are superceded and no longer serve any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th

1  Cir. 1967). Thus, the first amended complaint must be "complete in itself without reference to
2  the prior or superceded pleading." Local Rule 220. "All causes of action alleged in an original
3  complaint which are not [re-]alleged in an amended complaint are waived." King v. Atiyeh, 814
4  F.2d 565, 567 (9th Cir. 1987) (citations omitted).

**ORDER**

Many of the complaints filed in the most complex cases brought in this Court do not exceed 15 pages. The idea that Plaintiff needs 171 pages to do the same, is patently unacceptable. The Court has no doubt that Plaintiff can allege the "who, what, when, where and how" of his situation in less than 20 pages. Therefore, the Court **ORDERS**:

1. Plaintiff complaint is **DISMISSED** with 30 days leave to amend;

2. Plaintiff's first amended complaint, including any exhibits attached thereto, **SHALL NOT** exceed 20 pages.

**Plaintiff is advised that his failure to comply with the Court's orders SHALL result in a recommendation dismissing this case.**

IT IS SO ORDERED.

Dated:   **December 13, 2012**          /s/ Jennifer L. Thurston
                                         UNITED STATES MAGISTRATE JUDGE