UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>K. ALLISON, et al.,<br><br>　　　Defendants. | Case No.: 1:10-cv-01814 - LJO - JLT (PC)<br><br>ORDER DIRECTING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT OR NOTIFY THE COURT OF HIS WILLINGNESS TO PROCEED ONLY ON HIS COGNIZABLE CLAIM |

Lawrence Christopher Smith is a state prisoner proceeding *pro se* and *in forma pauperis* in this action for civil rights violations pursuant to 42 U.S.C. § 1983. On February 15, 2013, Plaintiff filed his First Amended Complaint against the following individuals employed at California Substance Abuse Treatment Facility and State Prison: Warden Allison, Chief Medical Officer Enenmoh, Officer Langler, Lieutenant Goss, and Physician Assistant Byers (collectively, "Defendants"). (Doc. 18). For the following reasons, the Court directs Plaintiff to either (1) file a Second Amended Complaint or (2) notify the Court of his willingness to proceed only on his cognizable claim for a violation of the First Amendment by Lieutenant Goss.

**I.     Screening Requirement**

When a prisoner seeks relief against "a governmental entity or officer or employee of a governmental entity," the Court is required to review the complaint and identify "cognizable claims." 28 U.S.C § 1915(a)-(b). The Court must screen Plaintiff's First Amended Complaint because an

amended complaint supersedes Plaintiff's previously filed complaint. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

The Court must dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2). A claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). In determining malice, the Court examines whether the claims are pled in good faith. *Kinney v. Plymouth Rock Squab. Co.*, 236 U.S. 43, 46 (1915).

## II. Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the Court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and pro se pleadings are held to "less stringent standards" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further that,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949. Where the factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. *Id.* If the Court determines that the complaint fails to state a cognizable claim, the Court may grant leave to amend to the extent that deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000).

### III.  Section 1983 Claims

Section 1983 of title 42 of the United States Code does not provide for substantive rights; it is "a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). An individual may bring an action for the deprivation of civil rights pursuant to 42 U.S.C. § 1983 ("Section 1983"), which provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. To plead a Section 1983 violation, a plaintiff must allege facts from which it may be inferred that (1) he was deprived of a federal right, and (2) a person or entity who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976). A plaintiff must allege a specific injury and show causal relationship between the defendant's conduct and the injury suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a connection shown where a defendant "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do so that it causes the deprivation of

which complaint is made"). Conclusory allegations unsupported by facts are insufficient to state a claim under Section 1983. *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977).

### IV.     Plaintiff's Factual Allegations

Plaintiff alleges he attempted to file a complaint against a male correctional officer for sexual harassment, after which he was subject to "retaliatory actions." (Doc. 18 at 3). He asserts his "complaint . . . was purposefully torn apart and discarded in front of [his] face by Lieutenant Goss ... after the plaintiff refused to drop the complaint" against the male correctional officer. *Id.* at 3-4.

In addition, Plaintiff asserts he was "involved in an altercation in-cell with [an] assigned cellmate that ultimately led to him being seriously injured." (Doc. 18 at 4). He alleges that he was charged with "the attempted murder of an inmate," and his prescription orthopedic shoes were confiscated as evidence by Officer Cribbs, who asserted the shoes contained blood stains. *Id.* at 4-5. Plaintiff contends he did not see blood stains, but acknowledges that if there were stains on the shoes, then the "confiscation would seem prudent for evidentiary value." *Id.* at 5.

Plaintiff alleges he filed a complaint regarding his access to the law library and legal documents, which Plaintiff says were necessary "[t]o file a proper writ of Habeas Corpus attacking his sentence of guilt for a[] criminal conviction in addition to adequately defending himself within CDCR 115 hearing for attempted murder of an inmate." (Doc. 18 at 4). Plaintiff contends Officer Langler granted his request "in its entirety" at the informal level. *Id.* However, Plaintiff alleges that "Officer Langler did not abide by his own ruling and the plaintiff was not only ill prepared for his own CDCR-115 defense of charges but the plaintiff was also found to be time barred due to the actions of Correctional Officer Langler in both State and Federal Court." *Id.* Specifically, Plaintiff asserts he suffered "repetitive denial of access to law library materials, adequate legal assistance and denial of legal property." *Id.*

Further, Plaintiff asserts he filed an inmate appeal for the confiscation of his shoes, and was evaluated by Physician Assistant Byers on May 11, 2010, in conjunction with the appeal. (Doc. 18 at 5). Byers prescribed orthopedic insoles for Plaintiff, which Plaintiff asserts "was not in line with the Plaintiff's line of care." *Id.* Plaintiff complained about the prescription for insoles, and was told by Byers that his "medical records did not support or show previous issuance of orthopedic shoes or

appliances other than insoles." *Id.* According to Plaintiff, the CDCR and its officials have "purposely denied the plaintiff his prescribed orthopedic [shoes] out of spite and in retaliatory fashion." *Id.* at 6.

**V.     Discussion and Analysis**

As an initial matter, Plaintiff has not identified any causes of actions against Defendants in his complaint. As a result, Plaintiff has not carried his burden to state claims with specificity. *See Iqbal,* 129 S.Ct. at 1948-49*; Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 554 (2007) (a plaintiff must set forth more than conclusions and include "the grounds of his entitlement to relief"). Nevertheless, based on the factual allegations above, it appears Plaintiff seeks to proceed on claims for retaliation, denial of access to the courts, and inadequate medical care.

**A.     Supervisor Liability**

Presumably, Plaintiff identifies Warden Allison and Chief Medical Officer Enenmoh as defendants in the action due to their roles as supervisors. However, the supervisor of someone who allegedly violated a plaintiff's constitutional rights is not made liable for the violation simply by virtue of that role. *Monell v. Dep't of Social Services*, 436 U.S. 658, 691 (1978); *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). Rather, liability under Section 1983 arises only upon a showing of personal participation. "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d, 1040, 1045 (9th Cir. 1989).

Here, Plaintiff has not linked Warden Allison or Chief Medical Officer Enenmoh to the alleged violations of his rights, nor shown these defendants had knowledge of the actions taken by their subordinates. Thus, Plaintiff has failed to state a cognizable claim against defendants Warden Allison and Chief Medical Officer Enenmoh, and these defendants are **DISMISSED**.

**B.     Retaliation**

A prisoner "retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974). The Ninth Circuit opined,

> Without those bedrock constitutional guarantees, inmates would be left with no viable mechanism to remedy prison injustices. And because purely retaliatory actions taken against a prisoner for having exercised those rights necessarily undermine those

protections, such as actions violate the Constitution quite apart from any underlying misconduct they are designed to shield.

*Rhodes v. Robinson*, 408 F.3d at 567. Thus, allegations of retaliation against a prisoner's exercise of these rights may support a claim under Section 1983. *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985). A viable claim for retaliation "entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes*, 408 F.3d at 567-68. An adverse action is one that "would chill or silence a person of ordinary firmness from future First Amendment activities." *White v. Lee*, 227 F.3d 1214, 1228 (9th Cir. 2000) (quoting *Mendocino Envtl. Center v. Mendocino County*, 192 F.3d 1283, 1300 (9th Cir. 1999)).

Here, Plaintiff alleges he complained about sexual harassment by a male correctional officer, after which Lt. Goss tore a complaint made by Plaintiff and discarded it because Plaintiff was pursuing his sexual harassment complaint. (Doc. 18 at 3-4). Previously, this Court has determined a plaintiff stated a cognizable claim when he alleged a correctional officer tore up an inmate appeal. *Leinweber v. Day*, 2010 U.S. Dist. LEXIS 35935, at *9 (E.D. Cal. Mar. 13, 2010). Because "[a]n allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support a claim under Section 1983," Plaintiff has stated a cognizable claim against Lt. Goss. *See id.* (citing *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003)). However, Plaintiff does not link any defendants Langler and Byers to retaliatory actions in violation of the First Amendment. Consequently, this claim as to defendants Langler and Byers, is **DISMISSED**.

C.   **Access to the Courts**

Prisoners have a fundamental constitutional right of "meaningful" access to the courts. *Lewis v. Casey*, 518 U.S. 343, 246 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The Supreme Court defined prisoners' right of access to the courts as the "right to bring to court a grievance." *Lewis*, 518 U.S. at 354. This right is limited to direct criminal appeals, habeas corpus proceedings, and civil rights actions challenging conditions of confinement. *Id.* at 351.

In this case, Plaintiff asserts he suffered "repetitive denial of access to law library materials,

adequate legal assistance and denial of legal property." (Doc. 18 at 4). However, inmates do not have a constitutional right to a law library or legal assistance. *Lewis*, 518 U.S. at 351 (explaining there is not "an abstract, freestanding right to a law library or legal assistance"). An inmate claiming interference with or denial of access to the courts must show that he suffered an "actual injury," which requires "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348. In other words, "actual injury" requires a plaintiff to identify "a specific instance in which an inmate was actually denied access to the courts." *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir.1989).

Although Plaintiff asserts he was unable "[t]o file a proper writ of Habeas Corpus attacking his sentence of guilt" and that he was time-barred (Doc. 18 at 4), he has not identified actions by Officer Langler which resulted in the alleged denial of his access to the courts. To the contrary, Plaintiff asserts Officer Langler granted his request for access to the law library and legal documents "in its entirety." *Id.* It is unclear why Plaintiff believes Officer Langler "did not abide by his own ruling," because Plaintiff does not specify any actions taken by Officer Langler—or other defendants—that impeded his right to access the courts.

Moreover, he fails to provide sufficient detail about why the court determined he was time-barred, or how any Defendant's action resulted in this determination. Likewise, the fact that Plaintiff was "ill-prepared" for his 115 hearing is a conclusion rather than a fact and this does not demonstrate how any Defendant is to blame for his lack of preparation. Thus, Plaintiff has failed to state a cognizable claim for access to the courts and the claim is **DISMISSED**.

D.   **Medical Care**

The Eighth Amendment "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (quoting *Jackson v. Bishop*, 404 F.2d 571, 579 (8th Cir. 1976)). The prohibition of cruel and unusual punishment requires that prison officials to provide medical care to prisoners. *Id.* at 104-05. To state a claim arising in the context of inadequate medical care, a plaintiff must point to "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106. Thus, a cognizable claim has two elements: "the seriousness of the prisoner's medical need and the nature of defendant's response

to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991*), overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997).

In this action, Plaintiff asserts defendant Byers, a physician assistant, failed to provide adequate medical care by prescribing orthopedic insoles rather than orthopedic shoes. (Doc. 18 at 5-6). Plaintiff disagrees with Byer's assessment that his medical records did not support the issuance of orthopedic shoes. *Id.* at 5. Importantly, a plaintiff's disagreement with the medical care offered is insufficient to state a cognizable claim for seeking relief under Section 1983. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). The Ninth Circuit explained, "a plaintiff's showing of nothing more than 'a difference of medical opinion' as to the need to pursue one course of treatment over another was insufficient, as a matter of law, to establish deliberate indifference." *Jackson*, 90 F.3d at 332 (quoting *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)). Rather, to state a claim, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances ... and ... that they chose this course in conscious disregard of an excessive risk to [his] health." *Id.* at 332 (internal citations omitted). Plaintiff has failed to make such as showing. He does not allege that the course of treatment prescribed by Byers was medically unacceptable, or that caused an excessive risk to his health. Thus, Plaintiff's claim for inadequate medical care is **DISMISSED**.

## VI.     Conclusion and Order

Plaintiff has stated a cognizable claim for retaliation in violation of the First Amendment by Lieutenant Goss. However, Plaintiff has not stated facts sufficient to support his claims against defendants Allison, Enenmoh, Langler, or Byers.

Plaintiff will be given **one final** opportunity to file a Second Amended Complaint curing the deficiencies identified in this order. *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment"). In the alternative, Plaintiff may notify the Court in writing that he does not wish to file a Second Amended Complaint and is willing to proceed only on his claim for violation of the First Amendment by Lieutenant Goss. At that time, the Court will recommend dismissal of the other claims and defendants, and issue summons.


Plaintiff is advised that the Court cannot refer to a prior pleading in order to make an amended complaint complete. As a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Thus, once the Second Amended Complaint is filed, the other pleadings no longer serve any function in the case. Local Rule 220 requires and amended complaint be "complete in itself without reference to the prior or superseded pleading."

The Second Amended Complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." In addition, Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986).

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. Within 21 days from the date of service of this order Plaintiff **SHALL**:
   a. File a Second Amended Complaint curing the deficiencies identified by the Court in this order, or
   b. Notify the Court, in writing, of his willingness to proceed on the cognizable claim against Lieutenant Goss.
2. **<u>Plaintiff is warned that the action may be dismissed for failure to comply with this Order</u>**. *See e.g. Ferdik v. Bonzelet,* 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissing the action for failure to comply with an order requiring amendment of complaint).

IT IS SO ORDERED.

Dated:   **March 26, 2013**              **/s/ Jennifer L. Thurston**
                                         UNITED STATES MAGISTRATE JUDGE