UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>D. GOSS, et al.<br><br>　　　　Defendants. | Case No.: 1:10-cv-01814 - LJO - JLT (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS CERTAIN CLAIMS<br><br>(Doc. 25) |

　　　　Plaintiff Lawrence Christopher Smith ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. On July 5, 2013, the Magistrate Judge found that Plaintiff stated cognizable First Amendment claims of retaliation against Lt. Goss and Officer Langler and cognizable Eighth Amendment claims against PA Byers and Lt. Gallagher. (Doc. 25 at 14). In addition, the Magistrate Judge recommended dismissal of certain claims. Id. at 15. While the Court advised Plaintiff that he could file his objections to the Findings and Recommendations, if any, within 14 days, (Doc. 25 at 15), he failed to do so.

　　　　On July 5, 2013, the Magistrate Judge recommended dismissal of Plaintiff's supervisory liability claims against Dr. Beregovskaya and Dr. Enemoh and his First Amendment claims of denial of access to the courts against Officer Langler, Officer Anderson, and Defendant Doe. (Doc. 25 at 9-10, 15). The Magistrate Judge also recommended dismissal of Plaintiff's procedural due process claim against Lt. Goss and Lt. Gallagher and dismissal of his Eighth Amendment claims against Sgt.

1

Soltero, Officer Castro. Id. at 15.  Specifically, Dr. Beregovskaya and Dr. Enemoh merely supervised Plaintiff's medical treatment by reviewing Plaintiff's inmate grievance. Id. at 6.

With regard to Plaintiff's First Amendment claim of denial of access to the courts, the Magistrate Judge determined that Plaintiff failed to demonstrate that Officer Langler, Officer Anderson or Defendant Doe harmed him. (Doc. 25 at 9-10).  Similarly, in reference to his procedural due process claim against Lt. Goss and Lt. Gallagher, Plaintiff failed to plead loss of a liberty interest. Id. at 12.  Finally, the Magistrate Judge ascertained that Plaintiff's Eighth Amendment claim for excessive use of force against Sgt. Soltero and Officer Castro was a "buckshot complaint" because he raised this claim for the first time in his second amended complaint. Id. at 14.

Therefore, in accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Britt v. Simi Valley United School Dist., 708 F.2d 452, 454 (9th Cir. 1983), the Court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, the Court finds that the Magistrate Judge's Findings and Recommendations (Doc. 25) are supported by the record and by proper analysis.

Accordingly, the Court **HEREBY ORDERS** that:

1. The Findings and Recommendations (Doc. 25) are **ADOPTED IN FULL**;
2. Plaintiff's supervisory liability claims against Dr. Beregovskaya and Dr. Enemoh are **DISMISSED without leave to amend;**
3. Plaintiff's First Amendment claim of denial of access to the courts against Officer Langler, Officer Anderson, and Defendant Doe are **DISMISSED without leave to amend**;
4. Plaintiff's procedural due process claim against Lt. Goss and Lt. Gallagher are **DISMISSED without leave to amend;** and
5. Plaintiff's Eighth Amendment claims against Sgt. Soltero and Officer Castro are **DISMISSED without prejudice**.

IT IS SO ORDERED.

Dated:   **July 30, 2013**               **/s/ Lawrence J. O'Neill**
                                                        UNITED STATES DISTRICT JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3