UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ALLISON, et al.,<br><br>　　　　Defendants. | 1:10-cv-01814-LJO-JLT (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(ECF No. 39) |

　　　　Plaintiff, Lawrence Christopher Smith, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on October 1, 2010. (ECF No. 1.) His pleadings have been screened with leave to amend and Plaintiff has filed amended complaints such that this action now proceeds on Plaintiff's Third Amended Complaint. (ECF Nos. 31, 33.) Upon initiating this action, Plaintiff filed a motion for appointment of legal counsel, which was denied on October 5, 2010. (ECF Nos. 3, 6.) More than three years later, on November 1, 2013, Plaintiff filed a motion for reconsideration thereon which is presently before the Court.[1] (ECF No. 39.)

　　　　Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order

---

[1] That same date, another motion by Plaintiff for appointment of counsel was filed on the docket. *See* (ECF No. 38). Based on Plaintiff's reference in his motion for reconsideration to both a supporting motion and a declaration, it appears that Plaintiff intended this document to support his motion for reconsideration rather than to be filed as a second motion seeking appointment of counsel. Thus, the contents of the second motion for appointment of counsel, though denied by separate order, have been reviewed and considered in arriving at the decision delineated herein.

1

for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." *Id.* (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Plaintiff has not shown any new or different facts or circumstances, newly discovered evidence, commission of clear error, or an intervening change of law to support his motion. Plaintiff's mere disagreement with the Court's ruling, which is all that is shown in the instant motion, is not grounds for reconsideration.

Despite the fact that Plaintiff would prefer to proceed in this action represented by counsel, he does not have a constitutional right to the appointment of counsel in this action. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but will do so only if exceptional circumstances exist. *Palmer*, 560 F.3d at 970. In making this determination, the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved must be evaluated. *Id.* Neither consideration is dispositive; they must be viewed together. *Id.* Plaintiff's disagreement with the Court's order is not sufficient to support his motion for reconsideration.

Plaintiff has not established that he is likely to prevail on the merits and the record demonstrates that Plaintiff is able to articulate his claims *pro se*.

Accordingly, Plaintiff's motion for reconsideration, filed November 1, 2013 (ECF No. 39) is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **November 7, 2013**          **/s/ Lawrence J. O'Neill**
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

3