## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>D. GOSS, et al.,<br><br>    Defendants. | Case No.: 1:10-cv-01814-LJO-JLT (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION REQUESTING THE LAW LIBRARIAN BE ORDERED TO COPY HIS COMPLAINT**<br><br>(Doc. 55) |

Plaintiff Lawrence Christopher Smith ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding on the following cognizable claims in the Third Amended Complaint: under the First Amendment for retaliation against Defendants Lt. Goss, Lt. Gallagher, and Officer Langler; under the Eighth Amendment for deliberate indifference to his serious medical condition against PA Byers and Lt. Gallagher; and for his claim of a violation of his right to due process against Lt. Goss. (Docs. 31, 42, 47.)

On February 7, 2014, Plaintiff filed a motion seeking an order directing the Warden Holland to order the law library officer, P. Grant, to provide Plaintiff with five copies of his documents[1] and two manila envelopes. (Doc. 55.) This motion is construed as a motion seeking injunctive relief.

---

[1] This document is the Third Amended Complaint that Plaintiff was ordered to provide copies of for service purposes. (*See* Doc. 51.)

1

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.* Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Regardless, the pendency of this action does not give the Court jurisdiction over prison officials in general or over Plaintiff's mail issues. *Summers v. Earth Island Institute*, 555 U.S. 488, 492-93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the cognizable legal claims upon which this action is proceeding. *Summers*, 129 S.Ct. at 1148-49; *Mayfield*, 599 F.3d at 969.

Plaintiff does not seek the temporary restraining order and/or preliminary injunction against any of the Defendants who remain in this action. "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*." *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added). Thus, Plaintiff's motion must be denied for lack of jurisdiction over Warden Holland and law library officer P. Grant in this action.

Plaintiff is not precluded from attempting to state cognizable claims in a new action if he believes his civil rights are being violated beyond his pleadings in this action. The issue is not that Plaintiff's allegations are not serious, or that Plaintiff is not entitled to relief if sought in the proper forum. The seriousness of Plaintiff's accusations concerning denial of access to the law library to copy documents requested by the Court cannot and do not overcome what is a *jurisdictional* bar. *Steel Co.*, 523 U.S. at 103-04 ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.") This action is not the proper vehicle for conveyance of the relief

Plaintiff seeks.

However, it is noteworthy, though not a regular practice, the Court already made the additional copies of the Third Amended Complaint which were required for the U.S. Marshal initiating service in this action. Thus, Plaintiff's case has not been delayed by the inaction of the law library officer and the basis for Plaintiff's need for multiple copies of the Third Amended Complaint has been resolved.

Accordingly, Plaintiff's motion for the law library officer to be ordered to make copies of his documents and provide manila folders, filed February 7, 2014 (Doc. 55), is HEREBY DENIED, both as moot and for lack of jurisdiction.

IT IS SO ORDERED.

Dated:   **May 22, 2014**              **/s/ Jennifer L. Thurston**
                                                              UNITED STATES MAGISTRATE JUDGE