1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA

10

11    LAWRENCE CHRISTOPHER SMITH,

12            Plaintiff,

13        v.

14    D. GOSS, et al.,

15            Defendants.

16

Case No.: 1:10-cv-01814-LJO-JLT (PC)

**FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS' MOTION TO DISMISS**

(Doc. 109)

**30-DAY OBJECTION DEADLINE**

17    **I.  Procedural History**

18          Plaintiff Lawrence Christopher Smith is proceeding on the following cognizable claims in the

19    Third Amended Complaint ("3rdAC"):  under the First Amendment for retaliation against Defendants

20    Lt. Goss and Officer Langler; under the Eighth Amendment for deliberate indifference to his serious

21    medical condition against Defendant PA Byers; and for his claim of a violation of his right to due

22    process against Lt. Goss.  (Docs. 31, 42, 47, 114, 126.)

23           On October 24, 2014, Defendants Byers and Langler filed a motion to dismiss on the grounds

24    that Plaintiff fails to state a cognizable claim against them under the Eighth Amendment and asserting

25    qualified immunity.  (Doc. 109.)  Plaintiff filed an opposition to which Defendants replied.  (Docs.

26    117, 120.)  The motion is deemed submitted. L.R. 230(l).

27
28

1    **II.       Motion to Dismiss**[1]

2          **A.       Standard**

3          A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim and

4    dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts

5    alleged under a cognizable legal theory.  *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th

6    Cir. 2011).  "[A] complaint may survive a motion to dismiss only if, taking all well-pleaded factual

7    allegations as true, it contains enough facts to 'state a claim to relief that is plausible on its face.'"

8    *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129

9    S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955

10   (2007)); *see also, Conservation Force*, 646 F.3d at 1242; *Moss v. U.S. Secret Service*, 572 F.3d 962,

11   969 (9th Cir. 2009).

12         The pleading of an inmate proceeding *pro se* "must be held to less stringent standards than

13   formal pleadings drafted by lawyers."  *Hebbe*, 627 F.3d at 342, *ref. Twombly; Erickson v. Pardus*, 551

14   U.S. 89, 94, 127 S.Ct. 2197 (2007) (per curiam).  The Court must accept the well-pleaded factual

15   allegations as true and draw all reasonable inferences in favor of the non-moving party.  *Daniels-Hall*

16   *v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Sanders v. Brown*, 504 F.3d 903, 910 (9th

17   Cir. 2007); *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 996-97 (9th Cir. 2006); *Morales v. City of*

18   *Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000).  However, while prisoners proceeding pro se in

19   civil rights actions are entitled to have their pleadings liberally construed and to have any doubt

20   resolved in their favor, *Hebbe*, 627 F.3d at 342, courts are not required to indulge unwarranted

21   inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009), and need not accept

22   legal conclusions "cast in the form of factual allegations,"  *Western Mining Council v. Watt*, 643 F.2d

23   618, 624 (9th Cir. 1981).  A pro se litigant is entitled to notice of the deficiencies in the complaint and

24   an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment.  *Noll v.*

25   *Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

26

27   [1] In arriving at this findings and recommendations, this Court carefully reviewed and considered all arguments, supporting
     documents, responses thereto, objections, and other papers filed by the parties regarding Defendants' motion to dismiss.
28   Omission of reference to an argument, document, paper, or objection is not be construed as though it was not considered.

**B.**   **Materials Properly Considered by the Court on a 12(b)(6) Motion**

In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. *Daniels-Hall*, 629 F.3d at 998; *Sanders*, 504 F.3d at 910; *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

**1. Judicial Notice**

"A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "A court shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(c)(2).

In support of their motion, Defendants' request that judicial notice be taken of various documents that were attached as exhibits to Plaintiff's original Complaint and attach copies of those exhibits to their request. (Doc. 109-2.)

While Plaintiff acknowledges that exhibits to a complaint may be judicially noticed, he objects that "defense counsel is trying to improperly discredit the Plaintiff's complaint with the inference of an [sic] perjured complaint." (Doc. 117, Opp., 3:1-8.) There is nothing about Defendants' request for judicial notice which is improper or untoward. While there are discrepancies between exhibits to Plaintiff's original Complaint and the 3rdAC, the Court does not intend to determine whether they were intentionally or innocently made.

Plaintiff also argues that upon drafting the 3rdAC, he was "continuously deprived of his legal documents needed to sufficiently recount the facts as needed to be an accurate portrayal of past events. To have one expected to remember to the exact minute detail actions that occurred over three years past [presumably meaning from the date he filed this action on October 1, 2010 to the date the 3rdAC was filed on August 27, 2013] is absolutely ridiculous." (*Id.*, at 3:9-13.) Though Plaintiff thinks is it "ridiculous" that he be expected to recall details of actions that occurred three years prior to his filing of the 3rdAC, recollection of events three, five, or even ten years in the past is not uncommon, and indeed is required, in protracted litigation such as this.

Finally, Plaintiff argues that Defendants' request for judicial notice forms a "sort of legal diary"

1    that he never submitted to the Court or defense counsel.  (*Id.*, at 3:14-20.)  To the contrary, Plaintiff

2    submitted all of the documents that Defendants request to have judicially noticed with his original

3    Complaint in this matter.  That the Court declined to cull through all one-hundred seventy-one pages

4    of Plaintiff's original Complaint, they are all part of the record in this action and may be judicially

5    noticed since submitted with and as supporting documents to Plaintiff's original Complaint.

6         The Court may properly consider matters subject to judicial notice and documents

7    incorporated by reference in the pleading without converting a motion to dismiss to one for summary

8    judgment.  *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003), *see also*, *Durning v. First Boston Corp.*,

9    815 F.2d 1265, 1267 (9th Cir. 1987) (court may consider facts established by exhibits attached to the

10   complaint), *Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987) (facts which

11   may be judicially noticed), *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir. 1986)

12   (matters of public record, including pleadings, orders, and other papers filed with the court).  Under

13   the doctrine of incorporation by reference, a court may consider a document provided by a defendant

14   that was not attached to the pleading if the plaintiff refers to the document extensively or if it forms

15   the basis of the plaintiff's claim.  *Ritchie*, 342 F.3d at 908; *Daniels-Hall*, 629 F.3d at 998.

16        Thus, Defendants' request for judicial notice of the exhibits to Plaintiff's original Complaint

17   that they attached to their motion (Doc. 109-2) is **GRANTED**.

18        **C.**     **Defendants' Motion**

19        Defendants argue that Plaintiff fails to state a cognizable claim under the Eighth Amendment

20   against them and assert that they are entitled to qualified immunity on Plaintiff's claims under the

21   Eighth Amendment.

22        **1. Eighth Amendment Claims**

23        The Screening F&R (Doc. 42) stated that the Eighth Amendment "embodies 'broad and

24   idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble*, 429

25   U.S. 97, 102 (1976) (quoting *Jackson v. Bishop*, 404 F.2d 571, 579 (8th Cir. 1976)).  The prohibition

26   of cruel and unusual punishment requires that prison officials provide medical care to prisoners.  *Id.,* at

27   104-05.  To state a claim arising in the context of inadequate medical care, a plaintiff must point to

28   "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."

1    *Id.,* at 106.  Thus, a cognizable claim has two elements: "the seriousness of the prisoner's medical

2    need and the nature of defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059

3    (9th Cir. 1991*), overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th

4    Cir. 1997).

5            In screening the complaint, the Court found Plaintiff had set forth adequate facts that he

6    suffered from a serious medical condition in that he claimed that:  he suffers from a congenital defect

7    of his feet in which he has no arch in either foot (Doc. 31, at 8); walking without medically prescribed

8    orthotics is very painful (*id.*); that non-prescription orthotics, such as "Dr. Scholl's" insoles provide

9    him no relief (*id.*, at 9); and that after his arch supports and orthopedic shoes were confiscated, he

10   developed foot ulcers, callouses, and bunions (*id.*, at 8).  With regard to Plaintiff's interactions with

11   Defendant Byers, Plaintiff alleged that: in 2010, Defendant Byers refused to examine his feet and

12   refused to prescribe orthopedic shoes or supports (*id.*, at 8-9); Plaintiff "attempted to reasonably talk to

13   PA Byers concerning the need for orthotics to no avail and [Defendant Byers] again refused to

14   examine the Plaintiff's feet" and indicated that the state budget did not allow for orthopedic shoes (*id*,

15   at 9); and that it was not until Plaintiff was transferred to a different facility that he was examined by a

16   podiatrist who prescribed a pair of orthopedic shoes (*id.*).  The Court found that Defendant Byers'

17   cursory response and apparent twice refusal to examine Plaintiff's feet stated a cognizable Eighth

18   Amendment claim of failure to provide adequate medical care. (Doc. 42.)

19                          **a.  Defendant Byers**

20           Defendants argue that Plaintiff's claim under the Eighth Amendment for deliberate indifference

21   to his serious medical needs should be dismissed.  Defendants argue that (1) Plaintiff did not allege

22   that Defendant Byers acted with deliberate indifference or caused him any further harm (Doc. 109,

23   MTD, 7:10-9:2); and (2) Plaintiff's allegations that Defendant Byers faced budgetary restrictions does

24   not demonstrate deliberate indifference (*id.,* at 9:3-10:2).

25                          **(1)  Deliberate Indifference**

26           Contrary to Plaintiff's allegations, Defendants argue that Plaintiff attached exhibits to his

27   original complaint which show:  Defendant Byers was assigned to evaluate Plaintiff's inmate appeal at

28   the first formal level of review to determine whether Plaintiff should be referred to a specialist for new

1   orthotics (Doc. 109, MTD, 8:1-4, citing Doc. 109-2, Req. J.N. (Ex. A at 137) p. 13); Defendant Byers

2   evaluated whether Plaintiff should be referred to a specialist for new orthotics through the prison

3   grievance system and determined that Plaintiff's orthotics had been placed in evidence for an

4   altercation and had not been discarded by custody staff, as Plaintiff claimed in his initial description of

5   the problem (*id.,* citing Doc. 109-2, Req. Jud. Not. (Ex. A at 130, 134, 137) pp. 6, 10, 13); Defendant

6   Byers found that off-the-shelf orthotics were not a workable interim solution for Plaintiff's foot

7   condition, because they had to be custom-made (*id*. at 137); and shoe insoles were dispensed to

8   Plaintiff on June 1, 2010 (*id.*).  These exhibits also show that Plaintiff's orthopedic inserts/arch

9   supports were returned to him on August 4, 2010.  (Doc. 109-2, p. 18.)

10      In his opposition, Plaintiff acknowledges that Defendant Byers' only interaction with him

11   pertained to his inmate appeal for his orthotics and that Defendant Byers is a Physician's Assistant, not

12   a medical doctor, a podiatrist, or even a registered nurse.  (Doc. 117, Opp., pp. 6-9.)  Despite this,

13   Plaintiff argues that Defendant Byers should have examined his feet during the interview.  (*Id.*)

14   Plaintiff also states that five days before the interview, Defendant Byers's immediate supervisor had

15   ordered for Plaintiff to be seen by a medical doctor and that Defendant Byers acknowledged as much

16   in his report.  (*Id.*, at 6:23-7:5.)

17      Both sides point to Defendant Byers' findings from his interview of Plaintiff and agree that

18   Defendant Byers noted that Plaintiff had not been evaluated for orthotics since September of 2008;

19   that he had been referred to a medical doctor for evaluation and possible orthotics; that insoles were

20   given to him as there was no interim accommodation for his orthotics since they were custom made

21   and were merely placed in evidence -- not discarded.  (Doc. 117, Opp., p. 25; Doc. 109-2, Req. JN, p.

22   13; Doc. 1, Orig. Comp., p. 137.)  Both sides agree that insoles were approved by S. Oder, RN.  (*Id.*)

23   It is also apparent from this document that Defendant Byers merely conducted the interview, as

24   required by Section 3084.7(e) of Title 15 of the California Administrative Code, and documented his

25   findings, but that S. Oder, RN actually made the decision and was responsible for the disposition of

26   Plaintiff's inmate appeal at that level.  (*Id.*)  Both sides also agree that the only interaction Plaintiff had

27   with Defendant Byers was during the interview for the first level of his inmate appeal in which

28   Plaintiff sought to obtain orthotics.  (Doc. 109, MTD, 8:2-11; Doc. 117, Opp., pp. 6-9.)

1    Plaintiff's claim against Defendant Byers was found cognizable based on Plaintiff's allegations

2    that Defendant Byers refused, seemingly twice, to examine Plaintiff on allegations which did not

3    appear limited to an interview of an inmate appeal.  (Doc. 42, Screen F&R, 14:7-15.)  This Court, with

4    its burgeoning caseload, did not have the luxury of ferreting through the voluminous exhibits that

5    Plaintiff submitted with his prior pleadings for clarification when the 3rdAC was screened.

6    It has now been brought to light that the contact with Defendant Byers of which Plaintiff

7    complains, occurred solely during an interview at the first level on Plaintiff's inmate appeal attempting

8    to obtain orthotics for his podiatric condition.  Given this clarification, Plaintiff's claim against

9    Defendant Byers for violation of his rights, for actions during an interview on an inmate

10   appeal/grievance under the Eighth Amendment is not cognizable.  This Court has found that other

11   appellate circuits have effectively held that non-physician defendants cannot "be considered

12   deliberately indifferent simply because they failed to respond directly to the medical complaints of a

13   prisoner who was already being treated by the prison doctor" and if "a prisoner is under the care of

14   medical experts . . . a non-medical prison official will generally be justified in believing that the

15   prisoner is in capable hands."  *Spruill v. Gillis*, 372 F.3d 218, 236 (3rd Cir. 2004); *see also Greeno v.*

16   *Daley*, 414 F.3d 645, 656 (7th Cir. 2005) (holding that "[o]nce a [non-medical] prison grievance

17   examiner becomes aware of potential mistreatment, the Eight Amendment does not require him or her

18   to do more than 'review [the prisoner's] complaints and verif[y] with the medical officials that [the

19   prisoner] was receiving treatment."  This Court concurs with the analysis in *Greeno* and *Spruill*.

20   Defendant Byers's duties and abilities to address Plaintiff's need for his orthotics were limited

21   in as much as:  (1) Defendant Byers is merely a physician's assistant and is not a medical doctor, or

22   even a registered nurse; (2) Defendant Byers only had contact with Plaintiff during an interview about

23   his inmate appeal regarding his orthotics;  (3) as part of his findings from that interview, Defendant

24   Byers verified that an appointment for Plaintiff with a medical doctor had already been ordered by

25   qualified medical personnel, an RN; (4) Defendant Byers also discovered that Plaintiff's custom

26   orthotics had not been discarded, but were being held in evidence; (5) Defendant Byers verified that

27   Plaintiff was to receive shoe insoles until his orthotics were released; and (6) Defendant Byers was

28   merely performing the duty of interviewing Plaintiff regarding his inmate appeal while the actual

1    decision/disposition was made by a registered nurse.  (*See* Doc. 117, Opp., p. 25; Doc. 109-2, Req. JN,

2    p. 13; Doc. 1, Orig. Comp., p. 137.)  While Defendant Byers saw Plaintiff in the context of Plaintiff's

3    inmate appeal for medical appliances, Defendant Byers was not a decision-maker as to the appeal -- all

4    decisions were made by persons with medical degrees.  Thus, the analysis in *Greeno* and *Spruill*

5    reasonably extends to this situation to exonerate Defendant Byers from Plaintiff's claim of deliberate

6    indifference stemming merely from his interview of Plaintiff regarding his inmate appeal.

7         Further, a claim under the Eighth Amendment against individual defendants must be addressed

8    via "a very individualized approach which accounts for the duties, discretion, and means of each

9    defendant."  *Leer v. Murphy*, 844 F.2d 628, 633-34 (9th Cir. 1988) *citing with approval Williams v.*

10   *Bennett*, 689 F.2d 1370, 1384 (11th Cir. 1982) ("There can be no duty, the breach of which is

11   actionable, to do that which is beyond the power, authority, or means of the charged party.  One may

12   be callously indifferent to the fate of prisoners and yet not be liable for their injuries.  Those whose

13   callous indifference results in liability are those under a duty -- possessed of authority and means -- to

14   prevent the injury.")  Since Defendant Byers was only a physician's assistant conducting the interview

15   of Plaintiff on his inmate appeal, the authority and/or means to ameliorate Plaintiff's podiatric

16   condition were beyond the scope of his duties and there is no deliberate indifference given that

17   Defendant Byers investigated Plaintiff's complaints and referred them to the medical provider(s) who

18   could be expected to address Plaintiff's concerns.

19        If the level of Defendant Byers' involvement in merely conducting the interview with Plaintiff

20   on his inmate appeal had been apparent at the time the 3rdAC was screened, Plaintiff's deliberate

21   indifference claim against Defendant Byers would not have been found cognizable.  Thus, Plaintiff's

22   claim against Defendant Byers for deliberate indifference to Plaintiff's serious medical needs in

23   violation of the Eighth Amendment should be dismissed.

24                          **(1)  Budgetary Restraints**

25        Defendants argue that Plaintiff's allegations regarding budgetary restrictions demonstrate that

26   no violation occurred.  (*See* Doc. 109, MTD, 9:3-10:2.) Plaintiff argues that those allegations show

27   that Defendant Byers used budgetary restrictions as a pretext to excuse illegal behavior.  (*See* Doc.

28   117, Opp., 10:7-11:6.)  While Plaintiff's allegations regarding the state budget was cursorily alluded to

1   in the Screening F&R (Doc. 42, Screen F&R, 14:11-12), it was neither required, nor considered as

2   Plaintiff's claim against Defendant Byers was found cognizable based on the inference that Defendant

3   Byers twice refused to examine Plaintiff in a medical setting.

4        In any event, an individual defendant is not liable beyond their "duties, discretion and

5   [available] means," *Leer v. Murphy*, 844 F.2d 628, 633-34 (9th Cir. 1988) and availability of

6   resources define the spectrum of choices an official has at his or her disposal, *Peralta v. Dillard*, 744

7   F.3d 1076, 1083 (9th Cir. 2013) (overruling *Jones v. Johnson*, 781 F.2d 769 (9th Cir. 1986) and *Snow*

8   *v. McDaniel*, 681 F.3d 978 (9th Cir. 2012) to the extent they held differently).  A defendant cannot be

9   held to be deliberately indifferent for failing to prescribe that which is unavailable due to budgetary

10   restraints.  It is true that Plaintiff has alleged that Defendant Byers mentioned budgetary constraints on

11   the orthotics Plaintiff desired, (*see,* Doc. 31, 3rdAC, p. 9 alleging that Defendant Byers "stated that the

12   state's budget was not allowing for many prisoners to receive orthopedic shoes anymore" and Doc.

13   109-2, Req. J.N.. at p. 21, Doc. 24, 2ndAC, at p. 9 alleging that Defendant Byers explained that the

14   state's budget no longer allowed medical staff to "indiscriminately" issue orthopedic shoes to

15   inmates).  However, this Court never considered it even remotely possible that Defendant Byers, a PA,

16   would have any input as to budgetary decisions as to what medical devices would or would not be

17   provided to inmates and this was not a basis upon which Plaintiff's allegations against Defendant

18   Byers under the Eighth Amendment were found cognizable.  Any such allegations do not resuscitate

19   Plaintiff's claim against Defendant Byers in light of the lack of deliberate indifference discussed

20   above.

21                              **b. Defendant Langler**

22        Defendants seek clarification whether Plaintiff was found to have stated a cognizable claim

23   against Defendant Langler in the 3rdAC.  (Doc. 109, 3:16-18, 6:22-7:8.)  If the response is in the

24   affirmative, they seek dismissal since Plaintiff did not state any factual allegations regarding his

25   medical condition against Defendant Langler in the 3rdAC.

26        This inquiry was understandably generated by a clerical error contained in the Findings and

27   Recommendation that screened ("Screening F&R") the 3rdAC and provided the basis upon which this

28   action is proceeding, which was adopted by the District Judge.  (*See* Docs. 42, 47.)  The introductory

"Background" section of the Screening F&R, errantly stated that Plaintiff had stated a cognizable claim under the Eighth Amendment against "Defendants PA Byers and Officer Langler." (Doc. 42, 2:1-6.) This is the only such errant reference in the Screening F&R. The Screening F&R did not discuss any allegations under the Eighth Amendment against Defendant Langler as the 3rdAC contained none; the final "Findings and Recommendations" section of the Screening F&R itemized the cognizable claims found in the 3rd AC and did not state that any had been found under the Eighth Amendment against Defendant Langler (Doc. 42, 17:3-11); and the Order Adopting the Screening F&R accurately reflected the claims found to be cognizable (Doc. 47, 1:28-2:6) -- which did not include a claim under the Eighth Amendment against Defendant Langler. Further, Plaintiff admits that he did not allege a violation of his rights under the Eighth Amendment against Defendant Langler. (Doc. 117, Opp., 5:5-14.)

Thus, there is no claim in this action against Defendant Langler for violation of Plaintiff's rights under the Eighth Amendment to be dismissed.

### c. Qualified Immunity

While Defendants argued that both Defendants Byers and Langler are entitled to qualified immunity, since it has been clarified that there is no claim under the Eight Amendment against Defendant Langler and the claim against Defendant Byers is being dismissed, their argument for qualified immunity need not be considered.

### D.    Leave to Amend

Although leave to amend should be freely granted, a district court may dismiss for failure to state a claim without leave to amend where amendment would fail to cure the pleading deficiencies and amendment would be futile. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034 (9th Cir. 2011).

In this action, leave to amend would be futile because Plaintiff cannot change the level of Defendant Byers' involvement regarding his podiatric condition by amendment, nor can he change the exhibits to his original Complaint which clarify Defendant Byers' limited involvement regarding Plaintiff's orthotic inserts. Thus, Plaintiff's claim against Defendant Byers for deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment should be dismissed without

1  leave to amend.

2  **III.  Recommendations**

3      Based on the foregoing, the Court HEREBY RECOMMENDS that the motion to dismiss filed

4  by Defendants Byers and Langler, filed on October 24, 2014 (Doc. 109), be GRANTED as follows:

5          1.    Defendants' motion to dismiss Plaintiff's deliberate indifference claim against

6                Defendant Byers be GRANTED without leave to amend and Defendant Byers

7                be dismissed from this action; and

8          2.    the Screening F&R (Doc. 42) is clarified to the extent that no claim for

9                deliberate indifference was found cognizable against Defendant Langler such

10               that Defendants' motion to dismiss any deliberate indifference claim against

11               Defendant Langler should be DISREGARDED as moot.

12     These Findings and Recommendations will be submitted to the United States District Judge

13  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  **Within 30 days** after

14  being served with these Findings and Recommendations, the parties may file written objections with

15  the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and

16  Recommendations."  The parties are advised that failure to file objections within the specified time

17  may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, __ F.3d __, __, No. 11-17911,

18  2014 WL 6435497, at *3 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th

19  Cir. 1991)).

20

21  IT IS SO ORDERED.

22     Dated:   **March 18, 2015**                    **/s/ Jennifer L. Thurston**
23                                          UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28

11