# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH, | Case No.: 1:10-cv-01814-LJO-JLT (PC) |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF AND EXAMINATION BYAN EXPERT WITNESS** |
| v. | |
| D. GOSS, et al., | (Doc. 118) |
| Defendants. | |

In this matter, plaintiff Lawrence Christopher Smith is proceeding against Defendant Goss for violation of his right to due process and for retaliation against Defendants Goss and Langler.[1]  (Docs. 31, 42, 47, 114, 126.)  On December 3, 2014, Plaintiff filed a motion seeking examination by a podiatrist per Federal Rule of Civil Procedure 35(a).  Defendants filed an opposition on December 23, 2015 (Doc. 123) to which Plaintiff failed to reply despite lapse of more than sufficient time.  The motion is deemed submitted. L.R. 230(l).

Rule 35 provides for examination of opposing parties upon a showing of good cause where a court may "order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner," . . . .  As correctly noted by Defendants, Rule 35 is a discovery tool and is intended as a means for a party to obtain a

---

[1] A separately issued Findings and Recommendations recommends granting Defendant Byers' motion to dismiss Plaintiff's claim for deliberate indifference under the Eighth Amendment and is currently awaiting objections and/or adoption.

mental/medical examination of the opposing party -- not of one's own person.  Plaintiff is free to obtain whatever examination of himself that he chooses (consistent with the policies and procedures of the facility where he is housed) at his own expense.

Plaintiff fares no better under the Federal Rules of Evidence.  Federal Rule of Evidence 706 provides for court appointment of an expert witness upon a party's motion or on its own volition.  "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise . . . " Fed. R. Evid. 702.  The Court has the discretion to appoint an expert and to apportion costs, including the apportionment of costs to one side, Fed. R. Evid. 706; *Ford ex rel. Ford v. Long Beach Unified School Dist.*, 291 F.3d 1086, 1090 (9th Cir. 2002);  *Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999), however, where the costs would likely be apportioned to the government, the Court should exercise caution.

Plaintiff's *pro se*, *in forma* pauperis status alone is not grounds for the appointment of an expert witness to assist Plaintiff with his case and Rule 706 is not meant to provide an avenue to avoid the *in forma pauperis* statute and its prohibition against using public funds to pay for the expenses of witnesses.  *Manriquez v. Huchins*, No. 1:09-cv-00456-LJO-BAM PC, 2012 WL 5880431, at *12 (E.D. Cal. Nov. 21, 2012) (quotation marks and citations omitted), nor does Rule 706 contemplate court appointment and compensation of an expert witness as an advocate for Plaintiff, *Faletogo v. Moya*, No. 12cv631 GPC (WMc), 2013 WL 524037, at *2 (S.D. Cal. Feb. 23, 2013) (quotation marks omitted).

The appointment of an expert witness under Rule 706 is intended to benefit the trier of fact, not a particular litigant, and here, the medical care issue is not of such complexity that the Court requires the assistance of a neutral expert at this time.  *Faletogo*, 2013 WL 524037, at *2; *Bontemps v. Lee*, No. 2:12-cv-0771 KJN P, 2013 WL 417790, at *3-4 (E.D. Cal. Jan. 31, 2013); *Honeycutt*, 2011 WL 6301429, at *1; *Wilds*, 2011 WL 737616, at *4; *Gamez v. Gonzalez*, No. 08cv1113 MJL (PCL), 2010 WL 2228427, at *1 (E.D. Cal. Jun. 3, 2010).  Further, a Findings and Recommendation to dismiss Plaintiff's only medical claim under the Eighth Amendment recently issued and is awaiting objections

2

and/or adoption by the District Court.  Assuming that the Findings and Recommendation is adopted, there will be no medical issues in this action for the trier of fact to benefit from appointment of an expert witness.

While there are currently no pending matters in which the Court requires special assistance, *Ford*, 291 F.3d at 1090; *Walker*, 180 F.3d at 1071, Plaintiff is not foreclosed from requesting appointment of an expert witness if the pending Findings and Recommendation is not adopted and his Eighth Amendment claim against Defendant Byers is not dismissed and when the issues in any medical issues that remain in this action are presented to the trier of fact.  Moreover, the Court is no confronted with any current need for explanation by an expert. Accordingly, Plaintiff's motion for the appointment of an expert witness is DENIED.


IT IS SO ORDERED.

Dated:   **March 18, 2015**                          **/s/ Jennifer L. Thurston**
                                                      UNITED STATES MAGISTRATE JUDGE

3