# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH,<br><br>  Plaintiff,<br><br>  vs.<br><br>K. ALLISON, et al.,<br><br>  Defendants. | Case No. 1:10-cv-01814 LJO JLT (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION TO FILE A SUPPLEMENT TO THE THIRD AMENDED COMPLAINT**<br><br>(Doc. 121) |

**I. Findings**

    **A. Procedural Background**

Plaintiff Lawrence Christopher Smith ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983 which he filed on October 1, 2010. (Doc. 1.) Initially, Plaintiff proceeded in this action on the following claims as stated in the Third Amended Complaint: (1) retaliation in violation of the First Amendment claim against Defendants Lt. Goss, Lt. Gallagher, and Officer Langler; (2) deliberate indifference to his serious medical needs in violation of the Eight Amendment against Defendants PA Byers and Lt. Gallagher; and (3) violation of his rights to due process against Defendant Lt. Goss based on events that occurred while Plaintiff was housed at the California Substance Abuse Treatment Facility in Corcoran, California ("SATF"). (Docs. 31, 42, 47.)

Summary judgment was granted in this case based on Plaintiff's failure to exhaust both his deliberate indifference claim against Defendant Gallagher as well as his retaliation claims against Defendants Gallagher and Goss, resulting in dismissal of Defendant Gallagher from this action.

(Docs. 69, 114, 126.) Further, a Findings and Recommendation has issued to grant Defendant Byers' motion to dismiss which is awaiting consideration by the District Judge. (Docs. 109, 132.) If the Findings and Recommendation is adopted, Plaintiff will be proceeding only on his claim against Defendant Lt. Goss for violation of his rights to due process. If the Findings and Recommendation is not adopted, he will also proceed on his claim under the Eighth Amendment against Defendant Byers.

Plaintiff now seeks to supplement the 3rdAC. (Doc. 121.) Defendants filed an opposition, to which Plaintiff replied. (Docs. 124, 127.) The motion is deemed submitted. L.R. 230(l).

## II. Plaintiff's Motion[1]

Plaintiff moves to be allowed to supplement the 3rdAC to add allegations which occurred subsequent to those complained of in the 3rdAC under Federal Rule of Civil Procedure 15(a)(2). [2]

Rule 15(a)(2) addresses amending pleadings and Rule 15(d) addresses supplemental pleading. Rule 15(a)(2) allows a party to amend its pleading "only with the opposing party's written consent or the court's leave" which should be freely granted when justice requires. Rule 15(d) provides that, on motion and "on just terms," a party may be allowed "to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. . . ." Plaintiff seeks to supplement the 3rdAC to add claims against seventeen new defendants he encountered after his transfer from SATF and subsequent to all of the events alleged in the 3rdAC. (Doc. 121, 2:1-5.) A supplemental pleading is used to allege relevant facts which occurred after an operative pleading was filed. *See Keith v. Volpe*, 858 F/2d 467 (9th Cir. 1988). Thus, Plaintiff's motion is properly considered as a motion to supplement under Rule 15(d).

---

[1] The Court has reviewed the motion, opposition, and reply, but declines to exhaustively list every argument presented, every fact recited, and every piece of evidence submitted by the parties. Omission of reference to various arguments, facts, or evidence should not be interpreted by the parties as an indication that the Court overlooked it, but rather that only those pertinent to the ruling are noted.

[2] The Federal Rules of Civil Procedure will hereinafter be referred to as "Rule *." Any reference to other statutory authority shall so indicate.

In his proposed supplement ("the Supplement"), Plaintiff provides a few background paragraphs regarding the basis of his claims in the 3rdAC (Doc. 122, 3-5) and then alleges a number of events that subsequently occurred at both Kern Valley State Prison ("KVSP") and California Correctional Institution ("CCI") in Tehachapi (*id.*, at 5-10). Plaintiff alleges that he was retaliated at these other facilities because Defendant Goss was promoted in rank to Captain and that the seventeen new persons he desires to add as defendants in this action all knew of and were motivated to retaliate against Plaintiff at Defendant Goss' behest. (*Id.*)

### A. Legal Standards

"On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed.R.Civ.P. 15(d); *Eid v. Alaska Airlines, Inc*., 621 F.3d 858, 874 (9th Cir.2010).

"[S]ome relationship must exist between the newly alleged matters and the subject of the original action, [but] they need not all arise out of the same transaction." *Keith v. Volpe*, 858 F.2d 467, 474 (9th Cir.1988). However, while leave to file a supplemental pleading is "favored," *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988), "it cannot be used to introduce a 'separate, distinct and new cause of action,'" *Planned Parenthood of Southern Arizona v. Neely,* 130 F.3d 400, 402 (9th Cir. 1997), quoting *Berssenbrugge v. Luce Mfg. Co.*, 30 F.Supp. 101, 102 (D.Mo.1939); *see also*, 6A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure: Civil 2D § 1509 (1990) (noting that leave to file a supplemental pleading will be denied where "the supplemental pleading could be the subject of a separate action").

District courts have broad discretion under Rule 15(d) in determining whether to permit a supplemental complaint. *Keith*, 858 F.2d at 473. The factors to consider include: (1) judicial efficiency; (2) the supplemental complaint "should have some relation to the claim set forth in the original [or operative] pleading"; and (3) potential prejudice to the defendant. *Id*. at 474-75.

### 1. Judicial Efficiency

Plaintiff filed this action on October 1, 2010. (*See* Doc. 1.) Thus, this action has already been pending as an open matter on the Court's docket for over four years. The Court has issued

nearly 40 orders and/or findings and recommendations in this action which equates to expending numerous hours of sparse judicial resources. If the Supplement is allowed, the action will, for all practical purposes, be reverted to the screening stage on Plaintiff's new claims. There is nothing judicially efficient about taking a case of this age back to the screening stage.

## 2. Relation to Operative Pleading

Plaintiff argues that the actions by all seventeen of the new Defendants in the Supplement were retaliatory because of by Defendant Goss' animus against him. However, Plaintiff's retaliation claims -- particularly those against Defendant Goss -- have been dismissed from this action. (*See*, Docs. 69, 114, 126.) Thus the Supplement should not be allowed as it would introduce a separate, distinct and new cause of action. *Planned Parenthood,* 103 F.3d at 402. Further, the majority of Plaintiff's allegations on this point in the Supplement are very general and conclusory at best as seen in the following examples:

> [after transfer to CSP-Corcoran] Plaintiff was not out of the reach of Lieutenant Goss's tentacles or ire as the Plaintiff was still subjected to continuous acts of retaliation against his person while incarcerated within the facility's SHU and correctional officers telling the Plaintiff point blank exactly why the acts were occurring. (Doc. 122, p. 5, ¶1.)
>
> The Plaintiff [after transfer to KVSP] unbelievably was still subjected to Correctional Lieutenant Goss' illegal behavior of retaliation due to the fact that said Defendant who was moving up in rank and stature among his peers eventually becoming an Correctional Captain whom's [sic] influence was without question to subordinates of inferior rank or stature. Continued to have retaliatory actions committed against the Plaintiff's person. (*Id.*, at ¶2.)
>
> The Plaintiff protesting Correctional Officers acts of retaliation in refusing to disperse to the Plaintiff his religious dietary trays due to the Plaintiff's complaints to appropriate officials and writ to the State's Superior Court complaining of such actions . . . . (*Id.*, at p. 6, ¶2.)
>
> The Plaintiff was then subjected to additional illegal behavior by an [sic] Correctional Sergeant Whitson whom on a clear action of retaliatory nature against the Plaintiff ordered that the Plaintiff's clothes be cut off of him . . . . (*Id.*, at p. 7, ¶1.)
>
> The necessary elements needed to prove that these behaviors relate back to the Plaintiff's originally filed complaint within the Court is shown by the

4

>   pattern of behavior stemming from an [sic] retaliatory animus by Correctional Officials (especially white one's [sic] whom [sic] upset at the Plaintiff for "snitching" on one of their own and having an [sic] supposedly "inferior" officer buck their system of "law & order" as they see fit even if illegal. Have [sic] gone on a rampage to show the Plaintiff just who's in charge damn [sic] the law. (*Id.*, at p. 7, ¶2.)
>
>   Plaintiff being subjected to an retaliatory animus by "white" correctional officers illegally due to not only the falsely authored CDCR 115 report . . . Plaintiff was ordered moved from Administrative Segregation Unit #1 to Administrative Segregation Unit #2 due to the outrageous retaliatory actions being committed by Correctional Officers within said unit . . . . (*Id.*, at p. 7, ¶4.)

Further, on the last page of the Supplement, Plaintiff states he is alleging "retaliation and excessive use of force claims" against prison personnel on the dates shown in a grid. (*Id.*, at p. 10.)

Such conclusory allegations that the incidents in the Supplement occurred out of retaliatory animus initiated by Plaintiff's interactions with Defendant Goss need not be accepted since they are "'merely consistent with' a defendant's liability" and fall short of satisfying the plausibility standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

Plaintiff's only allegations in the Supplement against Defendant Goss are that Defendant Goss "taunted" him when he "was finished conducting a 'supervised control use of force' against an inmate down the tier" which Plaintiff inferred was the reason he was "being subjected to the continuous acts of retaliation." (*See* Doc. 122, at p.6.) This act apparently occurred at KVSP because Plaintiff alleges he was transferred to CCI on August 19, 2013 later in that same paragraph. (*Id.*) However, even this alleged taunting of Plaintiff by Defendant Goss does not suffice to show that the multiplicity of acts that Plaintiff complains of in the Supplement are related to the allegations Plaintiff is proceeding on in the 3rdAC; nor is it cognizable against Defendant Goss. *See Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (mere verbal harassment or abuse, including the use of racial epithets, is not sufficient to state a constitutional deprivation under section 1983; *see also Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (threats do not rise to the level of a constitutional violation).

Aside from Plaintiff's general conclusory allegations that the actors at KVSP and CCI were acting in retaliation at Defendant Goss' behest which for the reasons previously discussed need not be accepted, there is no discernable relationship between Plaintiff's allegations in the Supplement and those he is proceeding under in this action.

Further, a few of Plaintiff's allegations in the Supplement imply retaliatory animus other than at Defendant Goss' behest, such as:

> Had an Correctional Counselor II Snider of CCI acknowledge to the Plaintiff's face that such retaliatory animus from Correctional Officers whom are white stemmed from the Plaintiff beating his charge of Attempted Murder of an Inmate rendered by an Correctional Captain D. Goss on June 19, 2010 and thus officials felt it just to falsify reports and assaults until I was to serve the time that such an charge of att [sic] murder carries within CDCR which is 36 months the Plaintiff is now serving double of that. In addition, each of these attacks against my persons by Correctional Officers coincides almost directly with the dates of either the Plaintiff submitting amended complaints to the Court or seeking injunctive actions against Correctional Officials. (Doc. 122 at p. 7, ¶2.)

> Correctional Officer Anderson whom is "white" and was also the legal property officer/Legal Clerk for said unit (Ad Seg #1) said official yet did absolutely nothing despite coming to see the Plaintiff personally for his institution Classification Committee hearing for Ad-Seg release and insinuating to the Plaintiff that he knew exactly what was going back in October of 2011. (*Id.*, at p. 8, ¶1.)

Granting Plaintiff's motion to supplement would allow ". . . the sort of morass [a multiple claim, multiple defendant] suit produce[s]" prohibited by Rule 18(a) and would fail "to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), citing Fed. R. Civ. Pro. 18(a) and 28 U.S.C. § 1915(g). The claims in the Supplement that Plaintiff seeks to pursue are all of a nature as could, and should, be the subject of a separate action.[3]

It cannot be said that the allegations in the Supplement are sufficiently related to the

---

[3] While Plaintiff may choose to file a new action on the allegations in the Supplement, any such filing will be viewed as an entirely new action and will be subject to all of the requirements of an action brought by a *pro se* inmate. This order is not intended to comment on whether Plaintiff has stated cognizable claims and/or whether Plaintiff is eligible to proceed *in forma pauperis* in such an action.

1  claims in the 3rdAC that Plaintiff proceeds on to grant Plaintiff's motion.

### 3. Prejudice to Defendant

Defendants oppose Plaintiff's motion by arguing that significant additional discovery will be required to determine the circumstances surrounding the claims, persons involved, how Defendant Goss allegedly exerted influence over others, and what the alleged behavioral pattern is that Plaintiff alleges exists. (Doc. 124, 7:17-8:4.)

If Plaintiff's motion is granted, the case would balloon from a handful of claims against two defendants to as yet an innumerable number of claims against nineteen defendants. This most certainly would negatively impact and compound the amount of discovery required in the case. Delaying a case to conduct expansive discovery supports a finding of prejudice resulting from supplementing/amending a complaint. *Lockheed Martin Corp. v. Network Solutions, Inc*., 194 F.3d 980, 986 (9th Cir.1999) (citing *Solomon v. North Am. Life & Cas. Ins. Co*., 151 F.3d 1132, 1139 (9th Cir.1998)) ("A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint.").

Plaintiff does not respond to Defendants' argument that the massive expansion in discovery would be unduly prejudicial. Instead, Plaintiff argues that he could not possibly have brought his allegations in the Supplement any earlier because his access to the law library and legal documents was hampered by prison officials and that his appeals were not processed in a timely fashion. (Doc. 127, 12:8-14:18.) While Plaintiff's timeliness in seeking to supplement his claims is relevant, it is not dispositive. *See Lockheed Martin Corp..,* 194 F.3d at 986 (citations omitted) (stating that "[a]lthough delay is not a dispositive factor in the amendment analysis, it is relevant"); *M/V Am. Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1492 (9th Cir.1983). But, February 6, 2014 is the last date of an incident alleged in the Supplement -- which was a full ten months prior to Plaintiff's seeking leave to supplement.[4] Whether Plaintiff's request to supplement was timely does not obviate the considerable expansion of discovery that would necessarily unduly prejudice the current defense in this action. Furthermore, allowing

---

[4] This timing makes it appear as though Plaintiff did not think to attempt to his claims in this action until motions to dismiss and for summary judgment were granted for the defense.

7

Plaintiff to supplement the 3rdAC, screening those claims, corrective pleading attempts, service on the seventeen new defendants, and responsive pleadings or motions, in a case such as this, would most certainly take the better part of a year, if not longer. Such delay to an action already over four years old is unacceptable.

### III. Recommendation

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion to supplement, filed December 11, 2014 (Doc. 121) be DENIED with prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 30 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, __ F.3d __, __, No. 11-17911, 2014 WL 6435497, at *3 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 7, 2015**                              /s/ Jennifer L. Thurston
                                                                         UNITED STATES MAGISTRATE JUDGE