# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>D. GOSS, et al.,<br><br>    Defendants. | Case No.: 1:10-cv-01814-LJO-JLT (PC)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR REVIEW/RECONSIDERATION PER FED. R. CIV. P. 60(b)(1)**<br><br>(Doc. 128) |

Plaintiff Lawrence Christopher Smith ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983 which he filed on October 1, 2010. (Doc. 1.) Initially, Plaintiff proceeded in this action on the following claims as stated in the Third Amended Complaint: (1) retaliation in violation of the First Amendment claim against Defendants Lt. Goss, Lt. Gallagher, and Officer Langler; (2) deliberate indifference to his serious medical needs in violation of the Eight Amendment against Defendants PA Byers and Lt. Gallagher; and (3) violation of his rights to due process against Defendant Lt. Goss. (Docs. 31, 42, 47.)

On January 8, 2015, Plaintiff filed a document entitled "Plaintiff's Opposition of U.S. Magistrate Judge Jennifer L. Thurston Findings and Recommendations Adopted By The Court On January 23, 2014 Dismissing Several of the Defendants And Request For Judicial Review Under Federal Rule of Civil Procedure Procedure [sic] 60(b)(1)." (Doc. 128.) Despite lapse of more than sufficient time, Defendants have not filed any opposition. The motion is deemed submitted. L.R. 230(l).

Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n motion and upon such

terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason justifying relief from the operation of judgment." Motions under Rule 60(b) "must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted) (addressing reconsideration under Rules 60(b)(1)-(5)). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." *Id.* (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

In his motion, Plaintiff seeks reconsideration of a Findings and Recommendations, which issued on September 10, 2013, to dismiss Warden K. Allison, Chief Medical Officer A. Enenmoh, and Medical Director O. Beregovskaya for which he asserts an order adopting issued on January 23, 2014. (Doc. 128, at 1, 2:6-13.) However, the Findings and Recommendations that issued on September 10, 2013 was vacated by an order that issued on November 18, 2013 which included Findings and Recommendations to allow Plaintiff to proceed on the Third Amended Complaint against all of the

1  Defendants named therein other than Sgt. Anderson, which was adopted on January 7, 2013.  (Docs.
2  42, 47.)  There is no order adopting that issued on January 23, 2014 in this action.  Thus, there is
3  neither a Findings and Recommendation that issued on September 10, 2013, nor an order adopting it
4  that issued on January 23, 2014 to be reconsidered.

5  　　　　Further, Plaintiff did not name any of the three persons against whom he now seeks to proceed
6  as a defendant in the Third Amended Complaint -- Medical Director Beregovskaya was not named as
7  a defendant in this action beyond the original complaint (Doc. 1); Warden Allison was not named as a
8  defendant in this action beyond the First Amended Complaint (Doc. 18); and Chief Medical Officer
9  Enenmoh was not named as a defendant in this action beyond the Second Amended Complaint (Doc.
10  24).  Thus, it was Plaintiff's decision not to pursue his claims against these individuals after receiving
11  the applicable screening orders, rather than an order of this Court that terminated these persons from
12  this action.  Plaintiff argues that he did not present viable claims against these three persons through
13  no fault of his own as he was unable to access the law library.  (Doc. 128, p.3.)  However, this
14  argument does not provide explanation as the applicable standards for his claims were provided in
15  each of the orders that screened his various pleadings.

16  　　　　Plaintiff then morphs his motion to attack the rulings on Defendants' motion for summary
17  judgment for Plaintiff's failure to exhaust available administrative remedies due to defense counsel's
18  fraud, misrepresentation, or other misconduct under Rule 60(b)(3) asserting that:  (1) defense counsel
19  falsely supported the motion for summary judgment when he asserted under oath that Plaintiff did not
20  present documents to submit his inmate appeals for Third Level review; (2) Plaintiff filed a motion
21  under Rule 56(d) for additional discovery; and (3) on July 22, 2010; Plaintiff submitted a writ of
22  mandate to the Warden at CSATF which put Warden Allison on notice of Plaintiff's claims of
23  retaliation by subordinate prison staff, but that his efforts in this regard were thwarted due to
24  "impermissible interference with the Plaintiff's litigation efforts."  (Doc. 128, 3:22-5:6.)

25  　　　　However, defense counsel did not submit his own declaration in support of the motion for
26  summary judgment.  (*See* Doc. 69.)  Any challenge that Plaintiff had to the declarations submitted in
27  support of the motion for summary judgment should have been made in Plaintiff's opposition, or in
28  objection to the Findings and Recommendation thereon.  Any challenges raised by Plaintiff either in

3

1 his opposition to the motion for summary judgment or in his objections to the Findings and
2 Recommendations to grant the motion regarding the sufficiency of the declarations submitted by
3 Defendants in support of their motion were considered and addressed in the Findings and
4 Recommendations and/or the order adopting.  Plaintiff's cursory suggestion that the defense
5 declarations were deficient in this motion is also insufficient to show that judicial error occurred.
6 Plaintiff's motion for additional discovery in response to Defendants' motion for summary was
7 properly denied since he made no showing that any discovery he sought would allow him to prevail.
8 (*See* Doc. 114, F&R on MSJ, 18:14-19:6.)  Finally, Plaintiff does not show that his assertion of
9 submitting a writ of mandate to the Warden at CSATF qualifies as newly discovered evidence, nor
10 that clear error was committed for not considering that which Plaintiff did not submit in opposition to
11 the motion for summary judgment.

12 Plaintiff further argues that the notice of filing "said petition" (presumably the writ of mandate
13 which he now asserts he submitted to the Warden) occurred before Chief Medical Officer Enenmoh
14 and Medical Director Beregovskaya filed their decision to partially grant Plaintiff's inmate appeal
15 regarding being deprived of his orthopedic devices.  (*Id.*, at 5:7-11.)  Plaintiff argues that this placed
16 these two persons on notice of his claims of retaliation before they rendered their decision and that it
17 gave "huge credence" to his claims that he had the orthopedic devices in his possession and that the
18 correctional officers retaliated by depriving him of them.  (*Id.*, at 5:11-17.)  Plaintiff argues that this
19 entitles him to relief under Rule 60(b)(1), (b)(3), and (b)(6).  (*Id.*, at 5:18-25.)  However, Plaintiff did
20 not raise any such evidence in opposition to Defendants' motion for summary judgment, nor in his
21 objections to the Findings and Recommendations that issued on November 18, 2013 which delineated
22 the claims upon which this action proceeds, and he does not provide any showing that it could not
23 reasonably have been raised earlier in the litigation.  *Marlyn Nutraceuticals,* 571 F.3d at 880.

24 In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 303, this Court
25 has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the Court finds
26 the Order on the Findings and Recommendation and Dismissing Certain Claims and Defendants,
27 which issued on November 18, 2013, which was adopted by order that issued on January 7, 2014 as
28 well as the Findings and Recommendations on Defendants' motion for summary judgment which

issued on November 19, 2014, and was adopted by order that issued on January 5, 2015 to be supported by the record and proper analysis.

Accordingly, Plaintiff's motion for reconsideration/judicial review, filed on January 8, 2015 (Doc. 128), is HEREBY DENIED and any objections based thereon are OVERRULED.

IT IS SO ORDERED.

Dated:   **May 12, 2015**              /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE