# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>D. GOSS, et al.,<br><br>    Defendants. | Case No.: 1:10-cv-01814-LJO-JLT (PC)<br><br>**ORDER DENYING PLAINTIFF'S REQUESTS FOR REVIEW/RECONSIDERATION OF RULINGS**<br><br>(Docs. 129, 130, 131) |

Plaintiff Lawrence Christopher Smith ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983 which he filed on October 1, 2010. (Doc. 1.) Initially, Plaintiff proceeded in this action on the following claims that were cognizable in the Third Amended Complaint: (1) retaliation in violation of the First Amendment claim against Defendants Lt. Goss, Lt. Gallagher, and Officer Langler; (2) deliberate indifference to his serious medical needs in violation of the Eight Amendment against Defendants PA Byers and Lt. Gallagher; and (3) violation of his rights to due process against Defendant Lt. Goss. (Docs. 31, 42, 47.)

On July 22, 2014, Defendants Goss and Gallagher filed a motion for summary judgment based on Plaintiff's failure to exhaust available administrative remedies prior to filing suit. (Doc. 69.) On November 19, 2014, the Magistrate Judge assigned to this case issued a Findings and Recommendation to grant the motion in part and deny in part and allowed thirty days for the filing of objections. (Doc. 114.) Plaintiff filed objections. (Doc. 125.) An order issued on January 5, 2015 adopting the Findings and Recommendations. (Doc. 126.) On March 16, 2015, Plaintiff filed a

1

1  document submitting two documents that he asserts were not forwarded to the Court when he
2  originally submitted them for mailing to prison staff. (Doc. 129.) These documents were entered on
3  March 16, 2015 on the docket as Documents 130 and 131 and are objections to various orders that
4  have issued in this action. Defendants have not responded to either of these documents. Since they
5  are objecting to prior orders, these documents are properly construed as motions for reconsideration.
6  The motions are deemed submitted. L.R. 230(l).

7  Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n motion and upon such
8  terms as are just, the court may relieve a party . . . from final judgment, order, or proceeding for the
9  following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered
10 evidence that, with reasonable diligence could not have been discovered in time to move for a new
11 trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; . . . or
12 (6) any other reason justifying relief from the operation of judgment." Motions under Rule 60(b)
13 "must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after
14 the entry of the judgment or order or the date of the proceeding."

15 Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest
16 injustice and is to be utilized only where extraordinary circumstances . . ." exist. *Harvest v. Castro*,
17 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted) (addressing
18 reconsideration under Rules 60(b)(1)-(5)). The moving party "must demonstrate both injury and
19 circumstances beyond his control . . . ." *Id.* (internal quotation marks and citation omitted). Further,
20 Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or
21 circumstances are claimed to exist which did not exist or were not shown" previously, "what other
22 grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the
23 substance of the order which is objected to was considered.

24 "A motion for reconsideration should not be granted, absent highly unusual circumstances,
25 unless the district court is presented with newly discovered evidence, committed clear error, or if there
26 is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present
27 evidence for the first time when they could reasonably have been raised earlier in the litigation."
28 *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009)

(internal quotations marks and citations omitted) (emphasis in original).

In Document 130, Plaintiff complains that the Findings and Recommendation on the motion for summary judgment filed by Defendants Gallagher and Goss did not address his due process claims against Defendant Gallagher.  However, Plaintiff was not found to have stated a cognizable claim due process claim against Defendant Gallagher in this action.  (Docs. 42, 45.)   Further, Plaintiff did not raise any objection to the Findings and Recommendations that was adopted in full and upon which this action proceeds.  (*See* Docs. 42, 45, 47.)  Since the screening Findings and Recommendations, which issued on November 18, 2013, and the Order Adopting, which issued on January 7, 2014, were dispositive as to any due process claim that Plaintiff is now attempting to assert against Defendant Gallagher, Plaintiff's objection and any request for reconsideration thereof, which under the prison mailbox rule are deemed filed as of the date Plaintiff signed it, January 28, 2015, are untimely since they were filed after lapse of over a year.  Fed. R. Civ. Pro. 60(c)(1).

In Document 131, Plaintiff seeks reconsideration of both the Findings and Recommendations, which recommended Defendant Gallagher's motion for summary judgment be granted, that Defendant Goss' motion as to Plaintiff's retaliation claim be granted, and that it be denied as to Plaintiff's due process claim against Defendant Goss (Doc. 114), as well as the Order adopting it (Doc. 126).  In this motion, Plaintiff argues that the Magistrate Judge's application of the law was incorrect and repeats arguments that he put forth in opposition to the motion for summary judgment.  Plaintiff's disagreement with the Findings and Recommendations and Order Adopting, coupled with regurgitation of his oppositional arguments does not show newly discovered evidence, commission of clear error, or an intervening change of controlling law.

Plaintiff further argues that a petition for writ of mandate that he filed in state court showed that prison officials were aware of, and thus on notice of, his claims.  (Doc. 131, 7:9-20.)  However, Plaintiff neither asserts, nor shows that his writ is newly discovered evidence, nor why he did not present it with his opposition to the motion for summary judgment.  Further, even if his writ qualified as newly discovered evidence, proper exhaustion of available administrative remedies "demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its

1  proceedings." *Woodford v. Ngo* 548 U.S. 81, 91 (2006). Filing a writ of mandate in state court is not
2  part of CDCR's procedures for inmate appeals. *See* Cal. Code Regs. tit. 15, § 3084, et sec.

3      Finally, Plaintiff objects to the striking of ". . . orders issued on November 18th (twice) 2014."
4  (*Id.*, at 7:21-8:4.) Plaintiff argues that these "orders were two Amended Complaint issued to the
5  Plaintiff alongside her Honor's Second Amended Findings and Recommendations" and that they are
6  official records and necessary for appeal purposes. (*Id.*) However, no orders were issued on
7  November 18, 2014 in this action and no amended complaints have ever been "issued to Plaintiff" by
8  anyone in this court. It appears that, since in this motion Plaintiff takes umbrage with the orders
9  issued on Defendant Goss and Gallagher's motion for summary judgment, Plaintiff may have intended
10 to object to the striking of the original Findings and Recommendations on that motion that issued on
11 October 17, 2014 (Doc. 108) and the amended one that issued on November 19, 2014 (Doc. 113).
12 However, as was noted in the Order Adopting the Second Amended Findings and Recommendations
13 on the motion for summary judgment, the original and amended Findings and Recommendations were
14 stricken because they contained typographical errors. (Doc. 126, 1:19-24, 2:3-7.) It is the Second
15 Amended Findings and Recommendations, that issued on November 19, 2014 (Doc. 114) which was
16 adopted in this action that contains the analysis which was adopted by this Court and upon which both
17 Defendant Gallagher and Plaintiff's retaliation claim against Defendant Goss were dismissed from this
18 action. (Doc. 126.)

19     Plaintiff has not shown any new or different facts or circumstances, newly discovered
20 evidence, commission of clear error, or an intervening change of law to support either of his motions
21 for reconsideration. Plaintiff's mere disagreement with the Court's rulings on screening and on the
22 motion for summary judgment filed by Defendants Gallagher and Goss, which is all that is shown in
23 the instant motion, is not grounds for reconsideration.

24     In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 303, this Court
25 has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds
26 both the Findings and Recommendations and Orders Adopting that Plaintiff objects to in his motions
27 were supported by the record and proper analysis.

28     Accordingly, it is HEREBY ORDERED that Plaintiff's objections/motions for reconsideration,

filed on March 16, 2015 (Docs. 130, 131), are DENIED and any objections based thereon are OVERRULED.

IT IS SO ORDERED.

    Dated: **May 13, 2015**             **/s/ Lawrence J. O'Neill**
                                                      UNITED STATES DISTRICT JUDGE