# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ALLISON, et al.,<br><br>　　　　Defendants. | **Case No. 1:10-cv-01814-LJO-JLT (PC)**<br><br>**ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED WITH PREJUDICE BECAUSE OF PLAINTIFF'S SEXUAL HARASSMENT OF DEFENSE COUNSEL**<br><br>**(Doc. 167)**<br><br>**30-DAY DEADLINE** |

　　　　On February 16, 2016, defense counsel filed a motion seeking court intervention directing Plaintiff, Lawrence Christopher Smith, to cease his inappropriate and sexually harassing conduct towards her. (Doc. 167.) Defense counsel submits evidence in support of the motion that Plaintiff has directed harassing remarks with sexual overtones toward Defendants' counsel multiple times in this litigation. He first attempted to denigrate counsel's meet-and-confer efforts concerning his unjustified refusal to appear at his own deposition, declaring "someone has unleashed quite a[] whoop ass kitty upon me." (Ganson Decl. ¶ 4, Ex. A.) He then offered to cooperate during discovery if counsel would wear thigh-high boots during their next encounter.

　　　　Federal courts have the inherent authority to sanction litigation abuses for vindication of judicial authority. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-46, 111 S.Ct. 2123 (1991); *see also Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1035 (9th Cir. 2012). Because of their very potency, inherent powers must be exercised with restraint and discretion. *Chambers*,

1    501 U.S. at 44 (quotation marks omitted).  However, sanctions are available for willful actions,
2    "including recklessness when combined with an additional factor such as frivolousness,
3    harassment, or an improper purpose." *Fink v. Gomez*, 239 F.3d 989, 993–94 (9th Cir. 2001)
4    (requiring inherent-authority sanctions to be supported by a specific finding of bad faith or
5    conduct tantamount to bad faith); *F.J. Hanshaw Enters., Inc. v. Emerald River Dev. Inc.,* 244 F.3d
6    1128, 1136 (9th Cir. 2001) (noting that a district court's findings in a sanctions case are "given
7    great deference.")

8        As correctly stated by defense counsel, sexually inappropriate remarks need not rise to the
9    level of severe or pervasive before courts can intervene.  *Claypole*, 2016 WL 145557, at *4
10   (sanctioning attorney, in part, for stating to opposing counsel; "Don't raise your voice at me. It's
11   not becoming of a woman.")  By acknowledging and not trivializing the effects of sexual
12   harassment on women, courts can work toward ensuring that no person will have to "run a
13   gauntlet of sexual abuse in return for the privilege of being allowed to work and make a living."
14   *Ellison v. Brady,* 924 F.2d 872, 879-80 (9th Cir. 1991).

15       This Court may choose any appropriate sanction "that will punish the past misconduct and
16   prevent future misconduct." *Molski v. Evergreen Dynasty Corp.,* 500 F.3d 1047, 1065 n.8 (9th
17   Cir. 2007). "[A]n assessment of attorney's fees is undoubtedly within a court's inherent powers."
18   *Chambers*, 501 U.S. at 45. Courts also have the inherent power to dismiss an action "when a
19   party has . . . engaged in conduct utterly inconsistent with the orderly administration of justice."
20   *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1991) (employing
21   five-factor test); *Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 380 (9th Cir. 1988) (holding that
22   inherent-powers dismissals are justified in extreme cases and in response to abusive litigation
23   practices).

24   ///
25   ///
26   ///
27   ///
28

Accordingly, Plaintiff is **ORDERED** to show cause within **30 days** of the date of service of this order why sanctions, up to and including dismiss the action, should not be imposed because of his inappropriate and sexually harassing conduct.

IT IS SO ORDERED.

   Dated:   **February 17, 2016**                     **/s/ Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE