# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH,<br><br>Plaintiff,<br><br>vs.<br><br>K. ALLISON, et al.,<br><br>Defendants. | Case No. 1:10-cv-01814 LJO JLT (PC)<br><br>**FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT GOSS' MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>(Doc. 162)<br><br>**30-DAY DEADLINE** |

Plaintiff claims he suffered due process violations during a disciplinary proceeding overseen by Defendant Goss. He claims he was deprived of presenting the results of an investigation—which was not complete at the time--, deprived of the right to present witnesses or any other evidence. However, he alleges that the guilty finding issued by Goss was later overturned during the appeal process. On these facts and relying upon newly issued Ninth Circuit authority, Goss argues he is entitled to judgment on the pleadings. The Court agrees and recommends that Defendant Goss' motion for judgment on the pleadings be **GRANTED**.

**I. Background**

Lawrence Christopher Smith, is proceeding on the Third Amended Complaint ("3rdAC") on his claims for violation of the First Amendment for retaliation against Defendants Lt. Goss and Officer Langler and for a violation of his right to due process against Defendant Lt. Goss. (*See* Docs. 31, 42, 47, 114, 126, 132, 146.)

1

1   On January 29, 2016, Defendant Goss ("Defendant") filed a motion for judgment on the
2   pleadings. (Doc. 162.) Plaintiff filed an opposition (Doc. 164) to which Defendant replied (Doc.
3   166). The motion is deemed submitted. L.R. 230(*l*).

**II. Judgment on the Pleadings**

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Procedurally, if ". . . matters outside the pleadings are presented to and not excluded by the court, the motion should be treated as one for summary judgment under Rule 56," and "all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Substantively, "[a]nalysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Pit River Tribe v. Bureau of Land Management*, 793 F.3d 1147, 1155 (9th Cir. 2015) quoting *Chavez v. U.S.*, 683 F.3d 1102, 1108 (9th Cir. 2012) (citation and internal quotation marks omitted in *Pit River Tribe*). The Court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

On a motion to dismiss under Rule 12(b)(6), a court must assess whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). Mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a cause of action" are not sufficient. *Twombly,* 550 U.S. at 555. Thus, a court discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible. *Chavez*, 683 F.3d at 1108-09 (citing *Iqbal,* 556 U.S. at 678.) "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.

"Judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Fleming,* 581 F.3d at

925.

### A. Plaintiff's Due Process Claim Against Defendant Goss

Plaintiff alleged in the 3rdAC that after an altercation with his cellmate, a Rules Violation Report ("RVR") was filed against him for attempted murder. (Doc. 31, at 4.) Non-party Lt. Popper agreed that the RVR for attempted murder was inaccurate, halted the proceedings, and requested appointment of an "investigative employee" on Plaintiff's behalf. (*Id.*) Despite this, Defendant held an "impromptu" hearing on the RVR against Plaintiff for attempted murder at which another lieutenant falsely testified against Plaintiff. (*Id.*, at 4-5.) At this same hearing, Plaintiff was not allowed to call any witnesses or present any evidence. (*Id.*) Defendant found Plaintiff guilty of attempted murder of his cellmate. (*Id.*) Plaintiff successfully appealed this finding and obtained a determination that he was guilty only of a lesser offense. (*Id.*) These allegations, per *Hines v. Gomez*, 108 F.3d 265, 268-69 (9th Cir. 1997), were found to state a cognizable claim against Defendant for violation of Plaintiff's procedural due process rights. (*See* Docs. 31, 42, 47.)

### B. Due Process

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may

prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. *Id*. at 563-71.  As long as the five minimum *Wolff* requirements are met, due process has been satisfied. *Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir. 1994).

Prison officials may "limit a prisoner's right to defend himself [,but] they must have a legitimate penological interest." *Koenig v. Vannelli*, 971 F.2d 422, 423 (9th Cir. 1992) (per curiam) (concluding that prisoners do not have a right to have an independent drug test performed at their own expense).  The right to call witnesses may legitimately be limited by "the penological need to provide swift discipline in individual cases . . . [or] by the very real dangers in prison life which may result from violence or intimidation directed at either other inmates or staff." *Ponte v. Real*, 471 U.S. 491, 495 (1985); *see also Serrano v. Francis*, 345 F.3d 1071, 1079 (9th Cir. 2003); *Mitchell v. Dupnik*, 75 F.3d 517, 525 (9th Cir. 1996); *Koenig*, 971 F.2d at 423; *Zimmerlee v. Keeney*, 831 F.2d 183, 187-88 (9th Cir. 1987) (per curiam).

Further, "the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board . . . ." *Hill*, 472 U.S. at 455; *see also Touissaint v. McCarthy*, 926 F.2d 800, 802-03 (9th Cir. 1991); Bostic v. Carlson, 884 F.2d 1267, 1269-70 (9th Cir. 1989); *Jancsek, III v. Oregon bd. Of Parole*, 833 F.2d 1389, 1390 (9th Cir. 1987); *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987); *see Burnsworth v. Gunderson*, 179 F.3d 771, 774-74 (9th Cir. 1999) (where there is no evidence of guilt may be unnecessary to demonstrate existence of liberty interest.) "Some evidence" must support the decision of the hearing officer. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985).  The standard is not particularly stringent and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached . . . ." *Id*. at 455-56 (emphasis added).  However, while the due process requirements for a prison disciplinary hearing are in many respects less demanding than those for criminal prosecution, they are not so lax as to let stand the decision of a biased hearing officer

4

1  who dishonestly suppresses evidence of innocence. *Edwards v. Balisok*, 520 U.S. 641, 647
2  (1997) *cf. Wolff v. McDonnell*, 418 U.S. 539, 570-571 (1974). Further, the "some evidence"
3  standard does not apply to original rules violation report where a prisoner alleges the report is
4  false and retaliatory. *Hines v. Gomez*, 108 F.3d 265, 268-69 (9th Cir. 1997).

   Just a few months ago, the Ninth Circuit recognized that a due process claim is not cognizable where the alleged procedural error is corrected through the administrative appeal process. *See Frank v. Schultz*, 808 F.3d 762, 764 (9th Cir. 2015) citing *Wycoff v. Nichols*, 94 F.3d 1187, 1189 (8th Cir.1996) ("[T]he [administrative] reversal of the case against Wycoff constituted part of the due process Wycoff received, and it cured the alleged due process violation based on the [prison] disciplinary committee's initial decision to sanction Wycoff."); *Morissette v. Peters*, 45 F.3d 1119, 1122 (7th Cir.1995) (per curiam) ("There is no denial of due process if the error the inmate complains of is corrected in the administrative appeal process. The administrative appeal process is part of the due process afforded prisoners." (citation omitted)); *Young v. Hoffman*, 970 F.2d 1154, 1156 (2d Cir.1992) (per curiam) ("[W]e need not decide whether Young suffered a denial of due process in connection with his disciplinary hearing, because . . . [t]he administrative reversal constituted part of the due process protection he received, and it cured any procedural defect that may have occurred.").

**C. <u>Analysis</u>**

In support of his motion, Defendant Goss submits a request for judicial notice (Doc. 162-2) to be taken of four documents:

   (A) **Grievance granting Administrative Modification** Order vacating Lieutenant Goss's disciplinary finding and directing that the disciplinary action be vacated and reheard (Doc. 1, pp. 58-59);

   (B) **Disciplinary Rules Violation Charge** issued by nonparty Officer Tibbs (*id.*, p. 66);

   (C) **Notice of Placement** in administrative segregation issued by nonparty Officer Moreno (CDCR form 114D) (*id.*, pp. 111-13); and

   (D) **Statement signed by nonparty Lieutenant Popper** (*id.*, p. 115).

Under Federal Rule of Evidence 201, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" Fed.R.Evid. 201.  Judicial notice may be taken of undisputed matters of public record, *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir.2001), including documents on file in federal or state courts.  *See Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n. 2 (9th Cir.2002).  Moreover, documents not attached to a complaint may be considered if no party questions their authenticity and the complaint relies on those documents.  *Lee*, 250 F.3d at 688.  The documents Defendant seeks to have judicially noticed were submitted by Plaintiff as exhibits to his original filing in this action.  The original complaint relies on them and points to them to support Plaintiff's allegations.  Further, Plaintiff joins in Defendant's request that the Court take judicial notice of these documents.[1]  (*See* Doc. 164, p. 5.)

The Court could take judicial notice of the documents but it is not necessary to the determination made here.  The Court found Plaintiff's due process claim to be cognizable against Defendant Goss though it noted the guilty finding was reversed by the Warden.  (Doc. 42, p. 6.)  This claim was specifically found not to be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) because of this allegation.  (*See* Doc. 31, pp. 4-5, Doc. 42, p. 6.)  Based on *Frank*, the due process allegations Plaintiff against Defendant are simply not cognizable in this Circuit.  Thus, Defendant Goss is entitled to entry of judgment on the pleadings on Plaintiff's due process claim against him.

**IV. Recommendation**

Accordingly, it is **RECOMMENDED** that Defendant Goss' motion for judgment on the pleadings, filed on January 29, 2016 (Doc. 162), be **GRANTED**.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, the parties may file

---

[1] Plaintiff suggests that these documents show that he was not given the proper process for the second hearing on the RVR at issue here.  However, Plaintiff is not proceeding on any such claims.

6

written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 17, 2016**           /s/ Jennifer L. Thurston
                                                          UNITED STATES MAGISTRATE JUDGE