# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH,<br><br>  Plaintiff,<br><br>  vs.<br><br>K. ALLISON, et al.,<br><br>  Defendants. | Case No. 1:10-cv-01814 LJO JLT (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION TO FILE A SUPPLEMENT TO THE THIRD AMENDED COMPLAINT**<br><br>(Docs. 169, 173, 174, ) |

### I. Procedural Background

Lawrence Christopher Smith is proceeding on a complaint that he filed on October 1, 2010. (Doc. 1.) Initially, Plaintiff proceeded in this action on the following claims as stated in the Third Amended Complaint: (1) retaliation in violation of the First Amendment claim against Defendants Lt. Goss, Lt. Gallagher, and Officer Langler; (2) deliberate indifference to his serious medical needs in violation of the Eight Amendment against Defendants PA Byers and Lt. Gallagher; and (3) violation of his rights to due process against Defendant Lt. Goss based on events that occurred while Plaintiff was housed at the California Substance Abuse Treatment Facility in Corcoran, California ("SATF"). (Docs. 31, 42, 47.)

The Court granted summary judgment based on Plaintiff's failure to exhaust both his deliberate indifference claims against Defendant Gallagher as well as his retaliation claims against Defendants Gallagher and Goss, resulting in dismissal of Defendant Gallagher from this action. (Docs. 69, 114, 126.) The Court granted Defendant Byers' motion to dismiss resulting in

his dismissal from this action. (Docs. 109, 132, 146.) Further, the Court issued a Findings and Recommendation to grant Defendant Goss' motion for judgment on the pleadings as to Plaintiff's due process claim against Defendant Goss which is awaiting consideration by the District Judge. (Docs. 162, 180.) If the Findings and Recommendation is adopted, Defendant Goss will be dismissed from this action and Plaintiff will be proceeding only on his retaliation claim against Defendant Langler. If the Findings and Recommendation is not adopted, Plaintiff will also proceed on his due process claim against Defendant Goss.

Plaintiff filed a document entitled his declaration concerning initial filing service within the Court to which he attached a new complaint. (Doc. 169.) Defendants opposed this effort to file an amended pleading. (Doc. 172.) Plaintiff responded by filing a document which he titled a "Notice of Non-Opposition to the Defendants Motion of Opposition Concerning the Plaintiff's Separately Filed 42 U.S.C. § 1983 Civil Complaint Against Thirty-Five (plus) Correctional Officials for Amendment Within Current Case As the Plaintiff Made No Motion To Do So." (Doc. 176.) In his response, clarifies that he was attempting to file an entirely separate case, but that Doc. 169 was errantly filed in this action instead. Thus, it is appropriate for the Court Clerk to be directed to strike Doc. 169 from this case and to file it as an entirely new action on Plaintiff's behalf.[1]

However, on March 7, 2016, Plaintiff filed a motion to amend his complaint in this action under Federal Rule of Civil Procedure 15(a)(2)[2] and lodged his desired amendment. (Docs. 173, 174.) Defendants filed an opposition on March 15, 2016. (Doc. 177.) Despite lapse of more than the allowed time, Plaintiff has not filed a reply. The motion is deemed submitted.[3] L.R. 230(*l*).

## II.     **Plaintiff's Proposed Fourth Amended Complaint**

In the proposed fourth amended complaint ("4thAC") Plaintiff names Defendants Goss

---

[1] The Court makes no comment as to the sufficiency of any claims in that complaint.

[2] The Federal Rules of Civil Procedure will hereinafter be referred to as "Rule *." Any reference to other statutory authority shall so indicate.

[3] The Court has reviewed the motion, opposition, and reply, but declines to exhaustively list every argument presented, every fact recited, and every piece of evidence submitted by the parties. Omission of reference to various arguments, facts, or evidence should not be interpreted by the parties as an indication that the Court overlooked it, but rather that only those pertinent to the ruling are noted.

and Langler, seeks to resurrect Warden K. Allison as a defendant in this action, and seeks to add two new defendants to this case. (Doc. 173.) Plaintiff also seeks to add additional claims against all of the persons named as defendants therein and to pursue his due process claim against Defendant Goss -- the recommended dismissal of which is currently awaiting District Judge consideration. (*Id..*)

Plaintiff's motion to be allowed to file the 4thAC encompasses only two pages and is sparse to say the least. (Doc. 174.) Plaintiff provides neither legal authorities, nor argument, nor evidence to support his motion and, at best, provides anecdotal, conclusory statements as to why his motion should be granted. (*Id.*)

### A. **Legal Standards**

Granting or denying leave to amend a complaint is in the discretion of the Court, *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996), though leave should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, there is no abuse of discretion "in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990).

Leave to amend should not be granted where "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Madeja v. Olympic Packers*, 310 F.3d 628, 636 (9th Cir. 2002) (citing *Yakama Indian Nation v. Washington Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999)). Consequently, under Rule 15(a), there are several factors a court may consider in deciding whether to grant leave to amend a complaint: (1) whether the plaintiff has previously amended his compliant, (2) undue delay, (3) bad faith, (4) futility of amendment, and (5) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Loehr v. Ventura County Community College Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984). These factors are not of equal weight; prejudice to the opposing party has long been held to be the most crucial factor in determining whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it

is the consideration of prejudice to the opposing party that carries the greatest weight"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973).

### 1. Prior amendments

The Court's discretion to deny an amendment is "particularly broad" where a party has previously amended the pleading. *Allen*, 911 F.2d at 373. Here, Plaintiff has previously, repeatedly been allowed to file amended complaints -- as is poignantly evidenced by the fact that he is proceeding on the Third Amended Complaint in this action. Therefore, this factor weighs against amendment.

### 2. Undue delay

By itself, undue delay is insufficient to prevent the Court from granting leave to amend pleadings. *Howey,* 481 F.2d at 1191; *DCD Programs v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1986). However, in combination with other factors, delay may be sufficient to deny amendment. *See Hurn v. Ret. Fund Trust of Plumbing*, 648 F.2d 1252, 1254 (9th Cir. 1981). Evaluating undue delay, the Court considers whether "permitting an amendment would . . . produce an undue delay in the litigation." *Jackson*, 902 F.2d at 1387. Here, Plaintiff seeks, in essence, to change his case from having been whittled down to only proceeding against 1-2 Defendants on 1-2 claims to envelope new conspiracy, retaliation, and conditions of confinement theories -- and attempting to resurrect his claim of due process against Defendant Goss on which a dismissal recommendation is pending, as well as his retaliation claim against Defendant Goss which was previously dismissed. Given that discovery has already closed, the pleading amendment would necessarily cause a delay in the action. Though Plaintiff asserts that no more discovery would be needed as defense counsel is already aware of the facts for his new claims, any new defendants would need and be entitled to opportunity to conduct their own discovery. As a result, this factor weighs against granting Plaintiff leave to amend.

### 3. Bad faith

There is no evidence Plaintiff acted in bad faith in seeking amendment. Therefore, this factor does not weigh against amendment.

### 4. Futility of Amendment

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin*, 59 F.3d at 845; *see also Miller v. Rykoff-Sexton*, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to amend may be denied if it appears to be futile or legally insufficient"). Futility may be found where added claims are duplicative of existing claims or patently frivolous, or both. *See Bonin*, 59 F.3d at 846.

In Claim #1, Plaintiff attempts to resurrect his retaliation claim and to save his due process claim from dismissal against Defendant Goss. (Doc. 173, pp. 3-7.) However, for the reasons stated in the prior orders and recommendations on their dismissal, (*see* Docs. 114, 126, 180) these claims are legally insufficient.

In Claim #2, Plaintiff complains of acts which took place as part of the re-hearing on the RVR for an altercation with his cellmate. (Doc. 173, pp. 4-5.) In this claim, Plaintiff alleges that he was provided an Investigative Employee ("IE") who gave Plaintiff's questions for witnesses to the "SHO" and that his most important question of the witnesses was whether the altercation was an incident of mutual combat or if it was a one-sided assault. (*Id*.) Plaintiff alleges that even the cellmate with whom he fought responded that it was a mutual act of aggression between them. (*Id*.) Plaintiff alleges that Lt. Oehlert and the "SHO" improperly denied review of relevant exculpatory evidence that would have absolved him of the charges and caused his immediate release from Ad-Seg. (*Id.*) Plaintiff also alleges that Appeals Coordinator R. Hall errantly denied his inmate appeal regarding the second disciplinary hearing. The subject of Claim #2 could have been, and was in fact mentioned in the Third Amended Complaint, but was not asserted as basis for a claim in this action. (Doc. 31.) Plaintiff provides neither legal, nor logical argument as to why he should be allowed to assert these claims for a first time now -- more than five years after filing this litigation -- particularly given that he was obviously aware of their factual basis when he filed this action. Thus, he fails to provide "satisfactory explanation for his failure to fully develop his contentions originally." *Bonin*, 59 F.3d at 845.

Claim #3 is against Defendant Langler for depriving Plaintiff of access to the courts to file a timely petition with the California Supreme Court by denying Plaintiff access both to his legal

property and to the law library on a regular basis and by refusing and impeding Plaintiff's ability to present viable claims to the courts regarding "illegal actions of correctional officials." (Doc. 173, pp. 5, 8.) Plaintiff further alleges that Defendant Langler deprived him of necessary medical care, retaliated against him, and failed to meet his obligation as a supervisory official concerning liability of his subordinate's actions which led to some of Plaintiff's grounds for relief being dismissed with prejudice. (*Id.*) Plaintiff asserts that Defendant Langler took these actions out of retaliation for his protected activities. (*Id.*) Plaintiff also alleges that these actions violated the First, Fourth, and Fifth Amendments. (*Id.*) Plaintiff's allegations under this claim are conclusory and lack specific factual support such that they are not accepted as true. *Ashcroft v. Iqbal,* 556 U.S. 662, 676-684 (2009). Thus, since none of the claims Plaintiff attempts to raise in the 4thAC provide sufficient legal basis to allow him to proceed, this factor weighs against allowing amendment.

### 5. Prejudice to Defendants

The most critical factor in determining whether to grant leave to amend is prejudice to the opposing party. *Eminence Capital*, 316 F.3d at 1052. The burden of showing prejudice is on the party opposing an amendment to the complaint. *DCD Programs*, 833 F.2d at 187; *Beeck v. Aquaslide 'N' Dive Corp.*, 562 F.2d 537, 540 (9th Cir. 1977). Prejudice must be substantial to justify denial of leave to amend. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). There is a presumption in favor of granting leave to amend where prejudice is not shown under Rule 15(a). *Eminence Capital*, 316 F.3d at 1052.

Importantly, reopening discovery would prejudice the existing Defendant(s). *See, e.g., Zivkovic,* 302 F.3d at 1087 (observing "[t]he requirement of additional discovery would have prejudiced [the defendant]" if leave to amend a complaint was granted); *Lockheed Martin Corp. v. Network Solutions Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("[a] need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice"). In addition, there can be no doubt but that Defendant(s) would be prejudiced if the Court were to allow Plaintiff to add new parties over five years after he initiated this lawsuit and just over a month before the dispositive motion filing deadline of May 12, 2016. *See DCD Programs*, 833 F.2d at

187; *Becherer v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 43 F.3d 1054, 1069 (6th Cir. 1995)). Given the prejudice to Defendants, this factor weighs heavily against granting Plaintiff leave to file a fourth amended complaint. Because four out of the five required factors weigh against Plaintiff's motion, the recommends that the 4thAC should be **DENIED**.

### III. Recommendation

Accordingly, the Court **RECOMMENDS**:

(1) Doc. 169 be **STRICKEN** from this case and the Court Clerk be **DIRECTED** to file it as an entirely new action;

(2) Plaintiff's motion to file an amended complaint, filed March 7, 2016 (Doc. 174), be **DENIED**.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 30 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, __ F.3d __, __, No. 11-17911, 2014 WL 6435497, at *3 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 7, 2016**                             **/s/ Jennifer L. Thurston**
                                                                     UNITED STATES MAGISTRATE JUDGE