# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH,<br><br>        Plaintiff,<br><br>    v.<br><br>ALLISON, et al.,<br><br>        Defendants. | 1:10-cv-01814-LJO-JLT (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO COMPEL<br>(Docs. 163, 171)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER<br>(Doc. 170)<br><br>ORDER MODIFYING THE DISCOVERY AND SCHEDULING ORDER<br>(Doc. 152)<br><br>Discovery Cut-Off Date:  06/30/2016<br>Dispositive Motion Deadline:  08/30/2016 |

      This case has had a rather rocky start to 2016.  Apparently the parties were engaging in discovery when Plaintiff failed to appear for deposition, which led to the filing of a motion to compel his appearance.  (*See* Doc. 163.)  During defense counsel's attempts to meet and confer, Plaintiff made a number of inappropriate remarks which were the subject of Defendant's motion for court intervention.[1]  (*See* Doc. 167.)  Defense counsel forwarded a copy of correspondence from Plaintiff which contained inappropriate remarks to prison staff who, of their own volition,

---

[1] On February 18, 2016, an order issued for Plaintiff to show cause ("OSC") why the action should not be dismissed because of his actions, which was ultimately discharged in an order granting Defendant's motion for court intervention.  (Docs. 168, 186.)

1

on February 12, 2016, issued a chrono prohibiting Plaintiff from any/all contact with defense counsel.  (*See* Doc. 178, pp. 13-14.)

On March 2, 2016, Plaintiff filed a motion seeking an extension of time for discovery, which also inquired as to how he should proceed since unable to have any contact with defense counsel.[2]  (Doc. 170.)  That same date, Defendants filed a motion to compel Plaintiff to respond to written discovery.  (Doc. 171.)  Defense counsel was unaware of the chrono prohibiting Plaintiff from any/all contact with her until receipt of Plaintiff's motion.  (Doc. 178, p. 9.)  She contacted prison staff that same day and had the chrono corrected to prohibit only overly-familiar contact from Plaintiff to enable him to litigate this action.  (Doc. 187, pp. 9-10.)

Thus, Defendants' motions to compel, both Plaintiff's appearance for video-deposition (Doc. 163) and to respond to discovery (Doc. 171) as well as Plaintiff's motion seeking protection/direction and an extension for discovery (Doc. 170) are before the Court for consideration.  Oppositions and replies have been filed.  The motions are deemed submitted.  L.R. 230(*l*).

Parties are entitled to seek discovery of "any nonprivileged matter that is relevant to any party's claim or defense. . . ."  Fed. R. Civ. P. 26(b)(1).  Each interrogatory must be answered by the party to whom they are directed.  Fed. R. Civ. P. 33(b)(1).  Failure to timely serve responses waives objections to the interrogatories.  Fed. R. Civ. P. 33(b)(4).

Under ordinary circumstances, failure of a party to respond to appear for a duly notice deposition and to respond to discovery would warrant imposition of sanctions, waiver of objections, and possible waiver of the ability to present evidence at trial.  However, Defendants served their written discovery requests on Plaintiff on January 4, 2016, which meant that his responses were due on February 22, 2016.  (Doc. 171, pp. 5, 13-47.)  This was during the time that prison officials issued a chrono prohibiting Plaintiff from having any contact with defense counsel.  It was not until March 2, 2016, that the incorrect chrono was revoked and reissued to prohibit only overly-familiar contact.  The no-contact chrono was issued through no fault of any

---

[2] Though Plaintiff entitled this document as a motion for a protective order, he neither requests, nor submits arguments, nor evidence to warrant relief under Fed.R.Civ.Pro. 26.  His request for an extension of time for discovery is being granted and this order clarifies how he is to proceed in this litigation.

2

party, but hampered both the discovery process and amicable resolution thereof in this action. Thus, within 30 days of the date of service of this order, Plaintiff is ordered to serve responses to all of Defendants' outstanding written discovery.

As to Plaintiff's deposition, an order previously issued allowing Plaintiff's deposition to be taken via video conference. (Doc. 160.) Plaintiff indicated to defense counsel that, despite the order, he would not voluntarily appear for deposition until the Court ruled on his opposition/objections which were filed 9 days after the order issued. (Doc. 163, pp. 5-6; Doc. 161.) In his objections, Plaintiff states that defense counsel should have contacted him so that the parties could have arrived at "agreements to the matter of said deposition via stipulations (if any) and the tone of this information sought." (Doc. 161, p. 4.) However, there is no such requirement for any party wishing to depose another party. *See* Fed. R. Civ. P. 30.

Plaintiff also objects that Defendants have had ample opportunity to raise this issue to the Court, but waited too long to do so. (Doc. 161, p. 4.) This is argument has no merit whatsoever, as discovery (including depositions) is proper as long as completed prior to the discovery cutoff deadline. In this case, the current discovery cutoff deadline was heretofore set for March 2, 2016. (Doc. 152.) Thus, Defendants' motion to compel Plaintiff's attendance at deposition, filed that very day, is timely and properly considered.

Further, Plaintiff indicates that he fears for his safety if correctional staff at his current facility are allowed to hear his testimony because of the close proximity to SATF where he believes one of the named Defendants is working. (Doc. 161.) Defendants are entitled to depose Plaintiff either in person or via video-conference. Depositions of inmate plaintiffs regularly take place at the facility of their incarceration under whatever conditions prison officials deem are called for based on the inmate's security status. This Court lacks jurisdiction over and declines to dictate to prison officials who are not parties to this action the circumstances under which Plaintiff's deposition will take place. *Summers v. Earth Island Institute*, 555 U.S. 488, 492-93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the cognizable legal claims upon which this action is proceeding. *Summers*, 129 S.Ct. at 1148-49; *Mayfield*, 599 F.3d at 969. However, a copy of this

3

order will be forwarded to the Litigation Coordinator at CSP-Corcoran with a request that contact be made with Plaintiff and his deposition conditions be arranged as able to assuage Plaintiff's fears.

Finally, because of all of the above, a modification to the Discovery and Scheduling order is appropriate to extend both the discovery cut-off deadline to allow completion and the dispositive motion filing deadline.

Accordingly, it is HEREBY ORDERED that:

(1)  Defendants' motion to compel Plaintiff's appearance for video deposition, filed on February 10, 2016 (Doc. 163), is GRANTED;

(2)  the Litigation Coordinator at CSP-Corcoran is requested to facilitate an environment for Plaintiff's deposition to assuage Plaintiff's safety concerns within parameters that account for the safety and security of the facility;

(3) the Clerk of the Court is directed to forward a copy of this order to the Litigation Coordinator at CSP-Corcoran;

(4)  Defendants' motion to compel Plaintiff to respond to previously propounded written discovery, filed on March 2, 2016 (Doc. 171), is GRANTED;[3]

(5)  within 45 days of the date of this order, Plaintiff shall serve his responses to Defendants' written discovery on defense counsel;

(6)  Plaintiff's motion for protective order, filed on March 2, 2016 (Doc. 170) is DENIED, but his request for extension of time is granted as follows;

(7)  the Discovery and Scheduling Order is amended as follows:

(a)  the Discovery Cut-Off Date is extended to June 30, 2016; and

(b) the Dispositive Motion Deadline is extended to August 30, 2016; and

///

///

///

---

[3] Though Defendants' motion is granted, Plaintiff is not deemed to have waived his objections, nor are any requests for admissions deemed automatically admitted.

4

(8) all other provisions of the Discovery and Scheduling Order of July 2, 2015 remain in effect.

IT IS SO ORDERED.

Dated: **April 12, 2016**                              **/s/ Jennifer L. Thurston**
                                                                           UNITED STATES MAGISTRATE JUDGE

5